# SUPREME COURT OF TEXAS.

## TYLER, 1856.

---

NANCY BATEMAN AND OTHERS V. ESAIAS BATEMAN.

An affidavit of the loss of an important instrument, of recent date, should show distinct acts of diligence to find the instrument, where it was deposited, when last seen; and should state, if a bond, its execution and delivery to the obligee.

Where the objection to the admission of oral evidence of the contents of a lost instrument was general, the Court said the objection to the testimony was clearly to the foundation for its introduction; because not obnoxious to any other; and it cannot be said that it deprived the party of an opportunity to fortify his case with additional testimony, as the only means of so strengthening it, would have been by an additional affidavit, (of loss and diligent search,) and the impolicy of allowing such additional affidavit is obvious, as it would have been too strong a temptation to the affiant, to go to the standard prescribed by the Court.

Where, in a suit for the specific performance of a bond for a title, alleged to be lost, the evidence was that the obligor sold the land to plaintiff, at a certain time; that he executed a bond, in the sum of two hundred and fifty dollars, or double the price of the land, to make the title as soon as the patent was

Bateman v. Bateman.

issued, and that the obligee was to give two bits an acre for the land, it was held there was no evidence that the purchase money had been paid, but rather the contrary.

Error from Red River. Tried before the Hon. William S. Todd.

*J. A. N. Murray*, for plaintiffs in error.

*S. H. Morgan* and *Morrill & Dickson*, for defendant in error.

LIPSCOMB, J. This suit was brought to obtain specific performance of a bond for a title to land. The petition alleges that the plaintiff had purchased and paid for the land, and that the vendor had given his bond for title, as soon as a patent could be obtained from the General Land Office. It is further shown by the petitioner, that the vendor shortly after execution of his bond, died; that the patent for the land had issued; that no administration had been opened on the estate of his vendor; and this suit is brought against the widow and heirs of the deceased; that he has frequently called upon them for title, but that they have refused to make title. He states that he has lost or mislaid the bond, and, after diligent search and enquiry, has not been able to find it; he therefore prays to be allowed to prove its contents.

The defendants answered by a general denial, and set up other special matters of defence; but these do not appear to have been relied upon on the trial. The plaintiff, in order to lay the foundation for a resort to parol evidence to prove the contents of the lost bond, filed his affidavit, as follows, i. e.: "I have lost or mislaid the bond described in the petition in "said cause, and that I have made diligent search and enquiry "for the same, and have not been able to find the same," &c. On making this affidavit, he was permitted to introduce oral evidence to prove the existence and contents of the bond. One

Bateman v. Bateman.

witness only was called, who testified, "That some time in "January, 1851, Evan Bateman sold to plaintiff the land men- "tioned in plaintiff's petition; that said Evan executed a "bond, conditioned to make title upon the issuance of the pa- "tent; that the bond was for about two hundred and fifty dol- "lars, or double the value of the land; that he was to give "two bits an acre for it. He wrote the bond; that Evan "Bateman had departed this life and left no will that he knew "of; that there was no administration that he knew of." Plaintiff then read to the jury the patent for the land in con- troversy. This was all the evidence in the cause.

The Court charged the jury: "If you find from the evidence "that the sale of the land was complete, and bond was given "for title, expressing satisfaction for the purchase money, you "will find for the plaintiff, and the Court will decree the title; "but if you believe that the evidence shows only a parol sale "of the land, then the plaintiff must prove that the considera- "tion has been paid, otherwise he is not entitled to a decree "for title at the hands of this Court, and you must find for the "defendant."

There was a verdict for the plaintiff; a motion by defend- ant for a new trial, which was overruled; and a decree for the plaintiff, from which the defendant appealed.

The errors relied on in this Court, for reversing the decree of the Court below, are, first, the admission of the oral evi- dence to prove the contents of the bond; and, secondly, that the Court erred in not granting a new trial, on the ground that the verdict was contrary to the evidence and the charge of the Court.

It is contended that the affidavit of the plaintiff, of the loss of the bond, was not sufficient to allow him to resort to sec- ondary evidence. What degree of diligence (says Professor Greenleaf) in the search is necessary, it is not easy to define, as each case depends much on its peculiar circumstances; and the question, whether the loss of the instrument is sufficiently

proved, to admit of secondary evidence of its contents, is to be determined by the Court and not by the jury. But it seems, in general, the party is expected to show that he has, in good faith, exhausted, in a reasonable degree, all the sources of information and means of discovery which the nature of the case would naturally suggest, and which were accessible to him. It should be recollected, that the object of the proof is merely to establish a reasonable presumption of the loss of the instrument ; and that this is is a preliminary inquiry, addressed to the discretion of the Judge. If the paper was supposed to be of little value, or is ancient, a less degree of diligence will be demanded, as it will be aided by the presumption of the loss which these circumstances afford. (Greenleaf's Ev., Sec. 558.)

The bond, alleged to be lost in this case, was neither ancient, nor could it be regarded as a paper of little consequence. The affidavit does not show any distinct act of diligence ; it does not show where it was deposited when last seen, or, whether it was ever in the possession of the plaintiff, after it was executed. He surely ought to have been able to have shown something more of an instrument of so much consequence to him. It was too general, and whether it was true or not, it would have been very difficult to have proven its falsity. It being of so recent a date, and of so much importance to the plaintiff, he should be held to a strict showing, before he was allowed to resort to secondary evidence.

The defendant did not object to the sufficiency of the affidavit, when it was filed ; but, when the secondary evidence was offered, he did except to it, and his exception was overruled, as appears from the bill of exceptions. He did not, in his exception, specify the particular grounds of his exception, and it may be contended that the ruling of the Court below cannot be revised, under the ruling of this Court frequently enunciated, that we will not revise a question of the admissibility of evidence, unless the particular grounds of objection had been stated in the Court below ; and we have no intention of infringing upon that rule.

But the objection to the testimony was clearly to the founda-tion for its introduction, because not obnoxious to any other ; and it cannot be said that it deprived the party of an oppor-tunity to fortify his case with additional testimony, as the only means of so strengthening it, would have been by an additional affidavit ; and the impolicy of allowing such additional affidavit is obvious, as it would have been too strong a temptation to the affiant to go to the standard prescribed by the Court.

The defendant moved for a new trial, on the ground that the verdict was contrary to the charge of the Court, and against the evidence. The first part of the charge of the Court was clearly right. If they found that the bond sued on admitted the payment of the money, or proof of payment of the purchase money, their verdict must be for the plaintiff. The plaintiff, in his petition, averred payment of the purchase money, and it was a material averment, and the plaintiff could not claim a decree for title, without such payment being made ; and if the bond was proved, the decree would have required payment to be made before vesting the title in the plaintiff. There is no proof that it was paid. The evidence left the inference that it had not been paid, but was to be paid. The verdict for the plaintiff, without this evidence of payment, was contrary to the charge of the Court, and against the evidence. The motion for a new trial ought therefore to have been sustained.

There is nothing in the point made by the appellee, that the statement of facts, signed by the Judge, is not in accordance with the Statute. (Art. 788 Hart. Dig.) It is certified by the Judge to be all the evidence in the case, and that the coun-sel could not agree. The presumptiion is that neither party would present to the Judge a statement, and he therefore made his own statement. This he had a right to do, under the de-cision of this Court, in Kelso v. Townsend, 13 Tex. R. 140. The judgment is reversed and the cause remanded.

                              Reversed and remanded.