WILLIAM McGARRY, Plaintiff in Error, v. THE PEOPLE, &c., Defendant in Error.

(GENERAL TERM, SEVENTH DISTRICT, MARCH, 1870.)

If an indictment shows a presentment by jurors " of the number and quali-fication required by law," the names or number of the jurors need not be stated therein or in the caption.

And if it is stated that the jurors were " then and there in said court, &c., duly sworn," and presented the defendant upon their oaths it sufficiently appears that the presentment was upon the oaths so sworn.

In an indictment for injuring the property of a corporation, the corporation may be described by its usual and ordinary title, though different from its corporate name.

On the trial of an indictment under § 4, 2 R. S., 667, for setting fire in the night to a certain dwelling, the property of an incorporated company, " erected for the manufacturing of woolen goods," it is proper to prove by the president of the company that the building fired was intended as a manufactory for such goods, though it was not at the time completed and used as such.

And if the building was erected for such a manufactory, though not yet in fact appropriated to that purpose, there may be a conviction.

Whether the erection has progressed sufficiently to constitute a building within the statute, is, it seems, a proper question for the jury.

It seems that the statute distinguishes buildings of the latter class from those elsewhere mentioned in the section.

A structure raised, roofed, inclosed on two sides, with its floors partly laid and window frames in without sashes:—Held, to be a building " erected" within the intent of the statute.

A prisoner sworn as a witness upon his own trial, under chap. 678 of the Laws of 1869, waives the constitutional protection (art 1, § 6) by which no one may be " compelled in any criminal case to be a witness against himself," and may be examined upon any matter pertinent to the issue.

THE defendant obtained a writ of error to the County Ses-sions of Seneca county after his trial and conviction therein upon an indictment for arson in the third degree, which was as follows, viz.:

" At a Court of Oyer and Terminer, held for the county of Seneca, in the State of New York, on the 29th day of September, one thousand eight hundred and sixty-eight, at

the court-house in the village of Ovid, in said county, before the Hon James C. Smith, one of the justices of the Supreme Court of said State, presiding; and the Hon. George Franklin, county judge of said county, and Thaddeus Bodine and James D. Rogers, justices of the peace of said county, members of the Court of Sessions of said county of Seneca, duly authorized and empowered by the laws of said State to hold said court, to inquire by the oaths of good and lawful men of the said county, of all crimes and misdemeanors, committed or triable in said county, and to hear and determine divers of such crimes and misdemeanors, it is presented:

SENECA COUNTY, *ss.*:

The jurors for the people of the State of New York, in and for the body of the county of Seneca, in said State, each and all of them, and of the number and qualification required by law, good and lawful men of the said county, then and there in said court being duly sworn and affirmed, and charged to inquire, for the people of the State of New York, and for the body of the said county of Seneca, upon their oaths and affirmations, present, that William McGarry, late of the town of Seneca Falls, in said county of Seneca, on the fourteenth day of September, in the year one thousand eight hundred and sixty-eight, at the town of Seneca Falls, in said county of Seneca, feloniously, unlawfully, willfully and maliciously, in the night time of said day, did set fire to and burn a certain building erected for the manufactory of woolen goods, there situate and belonging to the Phœnix Mills Company, a corporation duly organized under the statutes of the said State of New York as a manufacturing company, against the form of the statute in such case made and provided, and against the peace of the people of the State of New York and their dignity.

And the jurors aforesaid, on their oaths aforesaid, do further present, that William McGarry, late of the town of Seneca Falls, in said county of Seneca, on the fourteenth day of September, in the year one thousand eight hundred and

McGarry v. The People.

sixty-eight, at the town of Seneca Falls, did willfully, felon-iously, unlawfully and maliciously set fire to and burn a certain warehouse belonging to the Phœnix Mills Company, a corporation duly organized under and in pursuance of the statutes of the State of New York for manufacturing pur-poses, there situate, the said warehouse not being adjoining to or within the curtilage of an inhabited dwelling-house, so that such house should be endangered by said firing, against the form of the statute in such case made and provided, and against the peace of the people of the State of New York and their dignity."

Before pleading, the prisoner, through his counsel, moved to quash the indictment, for the reason that neither the cap-tion nor body thereof showed that the persons who found the same were of the number required by law. Also for that it did not appear that the indictment had been found by a grand jury. The court denied the motion and the defendant excepted.

The prisoner's counsel then moved the court to quash the first count of the indictment, on the ground that it did not appear that in presenting the prisoner on such count the jurors acted upon the oaths and affirmations which they had then and there taken in open court, and he claimed that the omission of the word " said" or other word or words showing the presentment to have been upon the oaths and affirmations then and there made in open court, was fatal to the said count. The motion was denied, the defendant excepted, and thereupon pleaded not guilty.

On the trial the plaintiff gave in evidence a certificate of incorporation of " The Phœnix Mills of Seneca Falls," and proved by the president of the company that a new wooden building belonging thereto at Seneca Falls village had been fired on the night of September 14th, 1868.

This witness was also permitted to state, on the plaintiff's examination, and under the defendant's objection as to the competency and sufficiency of the evidence, and his exception, that the building was erected for the purpose of manufacturing

woolen goods and the storage of material. Also, that at the time of the fire it was used for the storage of lumber designed for making boxes for packing goods.

Testimony was also given on the part of the plaintiff by this and by other witnesses, under the defendant's objection to its immateriality and incompetency and exception, showing the name ordinarily given to the company to be the same as laid in the indictment, viz.: "Phœnix Mills Company."

Other evidence was then given for the purpose of connecting the prisoner with the firing of the said building, which was shown to be incomplete at the time, but so far progressed that the frame had been raised and roofed, two of its sides boarded, its window frames without sashes put in, and its flooring in part laid, and workmen were engaged upon its further construction.

It appeared that certain copies of notices for a meeting of a hose company, which the defendant was shown to have been distributing on the day preceding and night of the fire, were found upon the premises in the vicinity of the place where it occurred; and the defendant, having offered himself and been sworn as a witness, and given testimony in his own behalf respecting his whereabouts on the night in question, and also respecting his serving the notices, he was asked on cross-examination whether he was secretary of the hose company whose notices were so served and found on the premises. To this question the defendant's counsel objected, on the ground that it was not a cross-examination upon matter testified to by the prisoner on his direct-examination, and was therefore improper. The court overruled the objection and the defendant's counsel excepted, and the defendant answered that he was acting secretary at the time. The prisoner was also asked upon his cross-examination by the plaintiff's counsel and permitted to answer under the same objections, and an exception to the ruling, the question, "Were you on the street the next day?" and answered the same affirmatively. The case was submitted to the jury under a charge

from the court, the material parts of which appear from the fol-
lowing opinion.

*P. H. Van Auken*, for the plaintiff in error.

*William C. Hazelton*, district attorney, for the defendant
in error.

Present—JOHNSON, J. C. SMITH and DWIGHT, JJ.

By the Court—JOHNSON, P. J. The caption is no part of
the indictment, and it is unnecessary either in the caption or
in the body of an indictment to state the names or the num-
ber of the grand jury. It is sufficient if the indictment
shows upon its face that the grand jury were of the number
and qualification required by law, as it does here. (*People* v.
*Bennett*, 37 N. Y., 117). The question in that case, arose
upon motion to quash the indictment, for the same alleged
defect. It appears upon the face of the indictment that the
grand jury were duly sworn and presented the defendant on
their oaths. It was proper to show the name which the cor-
poration owning the property was generally known by. The
building was alleged in the indictment to belong to the
"Phœnix Mills Company." The name of the corporation as
it appears in the certificate of organization is "The Phœnix
Mills of Seneca Falls." That is, therefore, its legal name.
But in an indictment if the name of the person stated as the
one injured, is the name by which he is usually known it is
sufficient, although that is not his real name. (Arch. Crim.
Pl., 31, 3d Am. ed.) There is no good reason why this well
settled rule should not apply to the name of a corporation as
well as to that of an individual. If the description of the
party injured is sufficient to inform the prisoner who are his
accusers, or whose property he is accused of having taken or
injured, that is enough. (1 Chit. Crim. Law, 211.)

It was also proper to prove what the building injured was
erected for. It was alleged in the indictment to have been

erected for the manufacturing of woolen goods. But it had not been completed, so that it could not be used for that purpose at the time of the fire. There was no other way of proving what it was erected for except by parol. The president of the company was the most suitable person to prove the fact by. It was proper for the district attorney to inquire of the defendant if he was not secretary of the hose company, on his cross-examination, and the objection to the inquiry was properly overruled. It was not compelling him "to be a witness against himself" within art. 1, section 6, of the constitution of this State. He was a volunteer witness under the provisions of chap. 678 of the Laws of 1869. He was not only a volunteer, but had taken the necessary oath to enable himself to testify, "to tell the truth, the whole truth, and nothing but the truth" upon the whole issue of traverse between himself and the people. He could not have been compelled to give evidence at all; but when he made himself a witness, under the privilege conferred upon him by this statute, he waived the constitutional protection in his favor and subjected himself to the peril of being examined as to any and every matter pertinent to the issue. Any other construction would render this statute the most effectual shield to crime and criminals which could possibly be devised.

The charge of the judge to the jury that if the building was "so far advanced in its construction as to have assumed the form and character of a building, and to be properly denominated a building," it was the subject of arson, within the meaning and intent of the statute, was, I think, correct. It was left to the jury to say as matter of fact whether it was advanced to that stage. The statute (2 R. S., 667, § 4) designates several buildings which are made the subjects of arson in the third degree, when "set fire to or burned in the night time," as "the house of another not the subject of arson in the first or second degree," "any house of public worship or any school-house," "any public building belonging to the public," &c., "any barn or grist mill," "any building erected for the manufacturing of cotton or woolen goods, or both, or

any paper, iron, or any other fabric," or " any fulling mill."
It is not necessary that the building, in a case like this, shall
be a woolen or a cotton factory, or a manufactory of any other
fabric when set on fire. If it has been *erected* for that pur-
pose it is enough. The statute plainly distinguishes between
buildings of that class and other buildings mentioned in the
same section. In the latter case the statute plainly imports
buildings completed and used, or capable of being used at the
time of being fired, for the designated purpose. Not so in
regard to buildings of the kind in question. The object of
the statute, doubtless, was in regard to such buildings to fur-
nish more ample security to persons about to embark in that
kind of business as matter of public policy. The only ques-
tion of fact, then, was, in this aspect of the case, whether this
at the time was a building erected, and erected for the desig-
nated purpose. The evidence, I think, shows most clearly
that at the time it was a building. It had been raised or
erected and covered by a roof, and inclosed on at least two
sides, with a portion of the floors laid, and all the window
frames in, but not the sashes. In short, it was an erected
building, but not a completed building; and having been
erected for the purpose of manufacturing, was the subject of
arson under the statute. The words " erected" and " com-
pleted " are words of quite different signification, and there is
no reason for supposing that the former was used in the sense
and to express the meaning of the latter in the statute. None
of the exceptions to the charge or to the refusal to rule, or to
charge as requested, are well taken. The conviction was,
therefore, right, and should be affirmed, and the case remitted
to the Court of Sessions of Seneca county to have the proper
sentence pronounced.

Ordered accordingly.

NOTE.—It is held by the Court of Appeals in *Brandon* v. *The People, &c.*,
decided June 21st, 1870, that a prisoner who testifies on his own behalf, is
subject to a like cross-examination with other witnesses. [REP.]