GEO. BLOW AND JOHN D. MORRIS v. HEIRS OF DE LA GARZA.

1. INTERVENOR, WHEN NOT AFFECTED BY STATEMENT OF FACTS. When a statement of facts is made up by the plaintiff and defendant, which is not signed by an intervenor's counsel, and which is made without reference to the intervenor who prosecutes a writ of error, the same cannot be regarded in considering the rights of intervenor, whatever errors may have been committed, as between the plaintiff and defendant.

2. EXHIBITS, EVIDENCE. The fact that copies of intervenor's deeds, constituting his evidence of title, were set forth as exhibits in his petition of intervention, cannot be regarded as proof of title, in the absence of a statement of facts; nor can the testimony contained in a statement of facts to which the intervenor was not a party, made up between other parties in the suit, be looked to, to show that the deeds were used in evidence.

ERROR from Victoria. Tried below before the Hon. T. C. Barden.

Suit in trespass to try title, instituted in August, 1854, by Holliday against A. H. Cromwell et al., to recover two leagues of land on San Antonio River. Holliday in his petition set up title to one-fourth of the two leagues, granted by the Empressarios, Power and Hewitson, in 1834, to Santiago Serna and Lazaro Serna. In 1856 the case was tried as to A. H. Cromwell, W. Beaumont, and Williams, three of the defendants, and a judgment was rendered for defendants, from which Holliday appealed. This court reversed the judgment of the lower court and remanded the cause (26 Texas, 188). In 1869 the suit was again tried and decided in Holliday's favor. On appeal in 1871, this court reversed the judgment, and dismissed the suit (35 Texas, 463). The defendants having severed, another branch of the case remained still undecided. On September 11th, 1861, Blow and Morris, the present plaintiffs in error, intervened, and set up in their petition title to one undivided half of the league here in controversy, by deed from Santiago Serna, dated February 28th, 1840, which was attached to and made a part of the intervenors' petition. In September, 1871, there was a trial, and verdict and judgment for defendants. A motion for a new trial by intervenors, seems to have been filed and overruled. Notice of appeal was given, and a statement of facts filed, signed by the counsel for plaintiff and defendants, but not by intervenors or their counsel. The deed under which the intervenors claim appears in the record only as an exhibit in the pleading. Holliday appealed, and this court on February 10th, 1873, reversed the judgment of the District Court and remanded the cause. Afterwards, on the 30th of July, 1873, the intervenors filed their petition for a writ of error. A number of interesting questions were discussed in the able briefs filed by counsel, but the briefs are omitted in view of the opinion.

*Phelps*, for plaintiff in error.

*A. B. Peticolas*, for defendant in error.

ROBERTS, C. J.—The transcript of the record does not show what has become of this suit so far as Holliday, the original plaintiff, is concerned. The intervenors, Blow and Morris, who claim an undivided interest in the league of land in controversy, and who failed in their suit, have alone brought the case into this court, in this proceeding, by writ of error. The defendants below, the heirs of M. de la Garza, claim under the statutes of limitation, and also set up an outstanding title in another person (Davis), and obtained a verdict and judgment in their favor.

The objections of plaintiffs in error to the verdict and judgment, have reference entirely to errors alleged to have been committed in matters of law and fact relating to the defenses of the defendants, and not to the alleged title of the plaintiffs in error, the intervenors. There is no statement of facts as to the intervenors, and there is, therefore, no proof in the record that they had any title to the land that this court can take notice of. The statement of facts that is contained in the transcript, was not made up with reference to them or to the proof that they may have made or failed to make, in support of their title in the trial of the cause. It does not appear by the charge of the court, or in any bill of exceptions, as to the exclusion of evidence or otherwise, that they were prevented from introducing and establishing the title which they claimed. In the entire absence of any title shown by them, and it not appearing that they were prevented, by any ruling of the court, from establishing their title, as it was alleged, it is wholly unnecessary to consider the alleged errors committed by the court in favor of the defendants in their efforts to maintain their defenses.

It is argued that their deed appears as part of the petition, and is referred to in the original deed by the grantor, Santiago Serna, to Sutherland, and also by the testimony of Bass, one of the witnesses. In answer to this it may be said that the deed, being a part of the petition of the intervenors which was denied by the defendants, cannot be regarded in this or any other

court as proof of title. It is merely pleading, and nothing more, in the absence of a statement of facts containing it.

And the statement of facts made by Holliday, plaintiff, and the defendants below, the heirs of M. de la Garza, do not bind the intervenors, nor does it establish anything either to their prejudice or to their advantage, any more than to that of any other stranger to them.

There is not, therefore, any error presented in the record, that can avail the plaintiffs in error as it is presented to us.

Judgment affirmed.

Affirmed.