BUCK BOWDEN *v.* THE STATE.

1. CHARGE OF THE COURT.—In the absence from the record of any charge to the jury, this court presumes that the law of the case was correctly charged.

2. AGGRAVATED ASSAULT.—The party assaulted was about fifty years of age, with one arm disabled by disease. *Held*, that he was "decrepit," within the meaning of Article 6536, 2 Paschal's Digest.

3. STATEMENT OF FACTS.—When, in consequence of disagreement of the attorneys, the judge alone certifies to the statement of facts, it is not necessary that his certificate shall show that the attorneys failed to agree upon a statement.

APPEAL from the County Court of Wise. Tried below before the Hon. J. W. PATTERSON, County Judge.

The opinion states the case.

*W. J. Sparks*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. The appellant in this case was indicted for an aggravated assault, under subdivision 4, Article 6536,

Paschal's Digest, which reads as follows : " When committed by a person of robust health or strength upon one who is aged or decrepit." He was tried, found guilty, and his punishment assessed at a fine of $100.

There is no charge of the court to be found in the record, and the presumption is that the law of the case was charged correctly.

The evidence shows the party assaulted to have been about fifty years of age, disabled by rheumatism to such an extent that he was compelled to carry his arm in an unnatural position, and in such a manner as to render it almost, if not entirely, useless to him in a personal difficulty.

Whilst his condition might not come, technically, within the meaning of the word " decrepit" as defined by Mr. Webster, yet, as testified to by witnesses on the trial, it may, with propriety, be said that it fell in the measure of that word as used in common acceptation.

The statement of facts in this case was not agreed upon or signed by the attorneys representing the parties, but was certified to by the judge, without the fact being made to appear that it was so made and certified to after a failure of the attorneys to agree. The assistant attorney general seems to conclude that on this account it should not be treated or considered as a legitimate statement of facts under the statute. Pasc. Dig., Arts. 3138, 1490. When a similar question was raised in the case of *Kelso* v. *Townsend*, 13 Texas, 140, Lipscomb, J., said : " We believe that the implied right would be in the judge to certify, under his seal, a correct statement of the facts. It will be recollected that it is only in the case where the parties cannot agree that the judge is required to give his statement of the facts under his seal. When they agree, and he approves, he is only required to sign the same. The fact that in this case he certifies to the facts would create the presumption, or at any rate strengthen it, that the parties

had not agreed to a statement of the facts." See, also,.
*Bateman* v. *Bateman*, 16 Texas, 545.

The judgment of the court below is affirmed.

*Affirmed.*