## HENRY HESS v. THE STATE.

### *No. 3883.　Decided December 16.*

1.　**Statement of Facts—Authentication of Same—Certificate of Judge to.** Where a statement of facts was not certified to by the district judge in conformity to the provisions of the statute, and the only authentication of the same was the word "approved," followed by the official signature of the judge, there being no signature of the attorneys, nor recital that they had failed to agree, *held*, that such purported statement of facts is fatally defective, and can not be considered on appeal for want of proper authentication.

2.　**Same—Affidavits to Cure Defects in Authentication of Statement of Facts.**—Affidavits to supply fatal defects with regard to authentication of a statement of facts, tending to show that the statement was in fact agreed upon by the attorneys and signed by the judge, with the understanding that it should afterward be signed by them, can not be considered on appeal.

APPEAL from the District Court of Lavaca. Tried below before Hon. George McCormick.

Appellant was indicted, tried, and convicted for the murder of one Joseph Holek, his punishment being assessed at imprisonment for life in the penitentiary.

At the first hearing on appeal the judgment of the court below was affirmed in an oral opinion, the court announcing that the statement of facts could not be considered, because not properly authenticated by a valid certificate by the trial judge.

A motion for a rehearing was made, in which the defects in the authentication of the statements of facts were endeavored to be supplied by affidavits. This matter is the only question discussed in the opinion.

*Arthur P. Bagby*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—At a former day of this term the judgment in this case was affirmed in an oral opinion, in which it was shown that the statement of facts could not be considered, because not properly certified as provided by the statute.

Our Code of Criminal Procedure expressly provides, that if a new trial be refused, a statement of facts may be drawn up and certified and placed in the record as in civil suits. Code Crim. Proc., art. 784. In civil suits, "when a defendant appeals, if he desires a statement of facts to go up in the record, it is his duty, or that of his counsel, to make up a written statement of facts given in evidence on the trial, and submit the same to the prosecuting counsel for inspection and agreement. If the statement be agreed upon, the attorney for the State and the defendant or his counsel shall sign the same, and it shall then be submitted to the judge, who shall, if he find it correct, approve and sign it, and it shall be filed with the clerk of the court. If the statement is not agreed upon, or if the judge will not approve it as agreed upon, the parties may submit their respective statements to the judge, who shall from his own knowledge, with the aid of such statements, make out and sign and file with said clerk a correct statement of the facts proved on the trial. The trial judge is not required, in the first instance, of his own motion, to make out a statement; but it devolves upon the defendant to take the initiative steps, and use diligence to obtain the statement." Sayles' Civ. Stats., arts. 1377, 1378; Willson's Crim. Stats., sec. 2562.

In the case before us the only authentication of the statement of facts is in these words: "Approved. Geo. McCormick, Judge Twenty-fifth Judicial District." There is no signature of the attorneys to the statement of facts, and the judge does not certify that they had failed to agree, and that he, therefore, had made out the statement of facts. If the indorsement by the judge could be considered as a certificate that

the above and foregoing was a statement of all the evidence in the case, then the presumption would be indulged, and should be indulged, that the parties could not agree, and that the judge had thereupon made out the statement of facts. Kelso v. Townsend, 13 Texas, 140; Bateman v. Bateman, 16 Texas, 545; Darcy v. Turner, 46 Texas, 30; Lacey v. Ashe, 21 Texas, 394; Bowden v. The State, 2 Texas Ct. App., 56; Williams v The State, 4 Texas Ct. App., 178.

But the judge does not certify that the foregoing is a statement of all the facts. He simply writes "Approved," with his official signature. Such indorsement has been held by our Supreme Court, in Renn v. Samos, 42 Texas, 104, to be wholly insufficient, and in that case the purported statement of facts appeared also to have been signed by counsel for appellant. The certificate of the judge must be in conformity with the statute.

In Barnhart v. Clark, 59 Texas, 552, where the instrument did not purport to contain a statement of all the facts and evidence on the trial, it was approved by the district judge, but contained no recitation of a disagreement of counsel, and it was held that it was not such a statement of facts as could be considered on appeal.

By the affidavits annexed to the motion for a rehearing before us, it is made to appear that attorney for appellant made out a statement, sent it to the district attorney, who made his corrections, and who then sent it to the district judge for his approval; that the district judge approved the same, with the understanding that it was an agreed statement of facts between the attorneys; and that they would subsequently sign it as an agreed statement of facts; and with that understanding on his part he sent it back to the attorney for appellant, whose duty it was to sign the same, and have the district attorney also sign it as an agreed statement of facts, which was not done; but, on the contrary, the statement was filed as a part of the record in the case. But for this understanding between the attorneys, the learned district judge would in all likelihood have properly certified this statement of facts as one not agreed to by the parties. "It will seldom happen that a statement of facts is improperly made by the court when counsel for both parties have performed their duty in cases where they have failed to agree." McManus v. Wallis, 52 Texas, 535.

The foregoing are the facts as made to appear to us in the affidavits on the motion for a rehearing, but we can not consider them for the purpose of supplying a fatal defect in the mode and manner of authenticating the statement of facts. The question is whether appellant has used diligence to have a proper statement of facts in the case. We are constrained to hold that the record fails to show that diligence which should have been observed in order to entitle the statement of facts to a consideration by this court. Under the facts as understood

by the trial judge, he performed all that duty required of him in the premises.

To have shown proper diligence, it was the duty of appellant or his attorney to have had the statement as agreed subsequently signed by the respective parties or their counsel (George v. The State, 25 Texas Ct. App., 229; Spencer v. The State, 25 Texas Ct. App., 585; Farris v. The State, 26 Texas Ct. App., 105), and this could have been done notwithstanding the expiration of the ten days allowed. In the attitude in which the matter is brought up on this motion for a rehearing, and in view of the well established rules announced in the authorities we have above cited, we do not feel that we would be warranted in considering the statement of facts as presented to us on this appeal.

There are no other questions in the record of a reversible character, and the motion for a rehearing is overruled.

*Motion overruled.*

Judges all present and concurring.