JIM HUTCHINS v. THE STATE.

*No. 398.     Decided May 2.*

1. **Statement of Facts—Diligence to Obtain Same.**—Where an order has been obtained to file a statement of facts within ten days after adjournment of the term, *Held,* that legal diligence is utterly wanting where it is only shown that a statement was prepared and presented to the prosecuting attorney within the time, with request that he agree to and sign the same, which he failed to do; and that on the tenth day another effort was made to prepare an agreed statement, which was not done.

2. **Assault with Intent to Murder—Defendant as a Witness—Impeachment of.**—A defendant who has testified in his own behalf is subject to be impeached as to his credibility in the same manner as any other witness. *Held,* on a trial for assault to murder, for the purpose of impeachment a defendant may be asked if he has not previously been arraigned before the court on a similar charge.

3. **Same.**—A defendant need not testify in his case, but if he does he occupies the same attitude as any other witness in the case.

APPEAL from the District Court of Falls.  Tried below before Hon. S. R. SCOTT.

This appeal is from a conviction for assault with intent to murder one A. C. Allen, the punishment having been assessed at three years' imprisonment in the penitentiary.

The statement of facts was not approved by the trial judge, nor is. the proposed statement incorporated in the record.  The facts pertaining to the failure to get a statement of facts are sufficiently shown in. the opinion below.

No briefs in the record.

DAVIDSON, JUDGE.—Conviction in this case was for assault with intent to murder.  A statement of the facts was not presented to the trial judge by counsel.  A presentation of such statement to the prosecuting attorney within the ten days allowed for filing same with his approval is not legal diligence.  The trial judge, county attorney, and counsel for appellant seem to have all resided in the same town, and yet the statement of facts was not presented to the court for his approval at any time.  It seems the diligence used consisted in writing out the said statement and handing it to the State's counsel, with a request that he sign and agree to same.  This he failed to do.  Here the matter rested until the tenth day after adjournment of the court, when the counsel met to prepare such statement as they could agree upon.  This meeting occurred after supper.  Ascertaining the judge was sick, and would not see them after 9 o clock that night, nothing further was done in the matter.  Diligence to obtain said statement is. utterly wanting, and no legal excuse shown for such failure.  George v. The State, 25 Texas Crim. App., 229; Spencer v. The State, 25 Texas Crim. App., 585; Farris v. The State, 26 Texas Crim. App., 105; Aistrop v. The State, 31 Texas Crim. Rep., 467.

While on stand as a witness, defendant on cross-examination was asked if he had not been previously arraigned before the court on a similar charge to the one now under investigation, and for fighting. Over his objection that it was immaterial and irrelevant, he answered in the affirmative.  In signing the bill of exceptions, the court says: "Defendant had previously put his character and reputation for being a peaceable, quiet, and law-abiding man in issue, and this testimony was drawn out on said issue."  It is well settled, that "where a defendant in a criminal case takes the stand to testify in his own behalf he assumes the character of a witness, and is entitled to the same privileges, and is subject to the same treatment, and to be contradicted or impeached in the same manner, as any other witness."  McFadden v. The State, 28 Texas Crim. App., 241; White v. The State, 30 Texas Crim. App., 652; Huffman v. The State, 28 Texas Crim. App., 174;

Quintana v. The State, 29 Texas Crim. App., 401; Mendez v. The State, 29 Texas Crim. App., 608; Whart. Crim. Ev., sec. 432, and notes. This seems to be the rule in most of the States, if not in all, where defendants are permitted to testify in their own behalf. Mr. Wharton, supported by numerous authorities, says: "It has been ruled also, that to affect his credibility he may be asked whether he has been in prison on other charges." Whart. Crim. Ev., sec. 432, and note 5. See also McGary v. The People, 2 Lans., 227; Brandon v. The People, 42 N. Y., 265; Connors v. The People, 50 N. Y., 240; The People v. Casey, 72 N. Y., 393.

The accused in this case put his character in issue as that of a peaceable, quiet, and law-abiding citizen.

This court has laid down the rule that the credibility of a witness may be attacked by proving that he has been charged with offenses which tend to show moral and legal turpitude. Carroll v. The State, 32 Texas Crim. Rep., 431; Goode v. The State, 32 Texas Crim. Rep., 505.

Under the former decisions of this court, and with singular unanimity by the courts of other States of the Union, the further rule prevails, that a defendant taking the stand as a witness in his own behalf is subject "to the same treatment and to be contradicted or impeached in the same manner as any other witness." Authorities cited supra. Whart. Crim. Ev., sec. 430, and note 1. A defendant need not testify, but if he does he occupies the same attitude as other witnesses in the case. As an accused party he is entitled to the application of the rule that his character can not be put in issue unless he first opens that question. But when he takes the stand as a witness, then his credibility as such witness is subject to the same attacks as other witnesses. Having departed from his position as defendant and assumed that of witness, he is subject to the same rules, and is called upon to stand the same tests, which by law are applied to other witnesses. In the case before us the defendant not only became a witness, but he also placed his character in issue as a peaceable, quiet, and law-abiding citizen.

We are of opinion that there was no error in the ruling of the court. The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.