M. T. BRUCE ET AL. v. FIRST NATIONAL BANK OF WEATHERFORD ET AL.

Decided February 2, 1901.

**1.—Jury Challenges—Parties—Intervener.**

An intervener and a defendant whose interests are not adverse are, as to jury challenges, to be regarded as one party, and must share together the number of peremptory challenges allowed by the statute to a party, and the intervener is not entitled to have the court direct whom the defendant shall challenge.

**2.—Same—Division of Challenges—Harmless Error.**

Error of the court, if it was error, in refusing intervener's request to compel an equal division with defendant of the statutory number of challenges was harmless where recovery was properly had against intervener upon the state of the pleadings alone.

**3.—Intervener—Pleadings—Answer Requisite.**

An intervener ocupying, as against another intervener, the attitude of a defendant, must deny the allegations of the latter pleading an estoppel against him, or the latter will be entitled to recover; the rule of pleading between them being the same as between original plaintiffs and defendants.

**4.—Statement of Facts.**

An agreed statement of facts will be considered only with reference to the parties agreeing to it. Schneider v. Stephens, 60 Texas, 419, distinguished.

**5.—Usury—Foreclosure of Lien—Harmless Error.**

An appellant can not avail himself of errors in rulings on a defense by him of usury, or in allowing foreclosure of a lien, where no personal judgment was given on the notes in suit, and where it was rightly found that he did not own the property for which the notes were given and on which the lien was foreclosed.

**6.—Promissory Note as Collateral—Defenses.**

A charge is erroneous which states that a negotiable promissory note taken in due course of trade by indorsement before maturity is subject to all the defenses available to the original maker against the original holder when it is taken as collateral security for a pre-existing debt.

Appeal from Parker. Tried below before Hon. J. W. Patterson.

*Martin & Flanary* and *H. W. Kuteman,* for appellant M. T. Bruce.

*A. H. Culwell,* for appellant D. C. Bruce.

*G. A. McCall,* for appellee First National Bank.

*A. T. Watts,* for appellee J. Laing.

STEPHENS, ASSOCIATE JUSTICE.—This suit was instituted by the First National Bank of Weatherford, Texas, against M. T. Bruce upon two negotiable promissory notes, dated April 27, 1892, one for $1000, due one year after date, and the other for $5000, due two years after date, both signed by M. T. Bruce, and payable to the order of J. Laing, who indorsed them in blank. The bank also sought a foreclosure of the vendor's lien on certain improved lots in the town of Weatherford, conveyed by Laing to Bruce when the notes were executed. The transfer of

the notes from Laing to the bank was denied by Bruce, who specially pleaded that they had been paid off by him and surrendered to him by Laing, and that the bank subsequently obtained possession of them under circumstances rendering it a holder in bad faith, or, at least, that it took them after maturity and with notice that he had paid them. The petition of the bank was filed September 20, 1897, and the answer of Bruce April 13, 1898.

On April 18, 1900, after there had been a trial and an appeal to this court (55 Southwestern Reporter 126), D. C. Bruce, a son of M. T. Bruce, intervened, claiming to be the owner and in possession of the property upon which the bank sought to foreclose the lien, and alleging that he had purchased it upon the faith of representations made to him by M. T. Bruce and J. Laing to the effect that the bank did not own the notes sued on, and that the same did not represent a bona fide debt; that no debt was due to the bank from either Bruce or Laing; and charging collusion between Laing and the bank. On the same day Laing intervened, denying the allegations in D. C. Bruce's plea for intervention, admitting that he had pledged the notes sued on as collateral for what he still owed the bank, and alleging that they had been executed to enable him to use them as collateral under the following circumstances: That he made the deed to the lots in question, which were his own property, to M. T. Bruce with the understanding that they were to remain his property, and that Bruce was to reconvey them to him whenever he should return the notes sued on to Bruce, who agreed to allow him to thus use the notes as collateral, and that no money whatever was paid for the lots. Laing further alleged a dissolution of the partnership in the liquor business between him and M. T. Bruce about August 1, 1894, charging that first M. T. Bruce and then D. C. Bruce paid him rents on the property, and pleading an estoppel against D. C. Bruce as his tenant. His prayer was for the recovery of the property, subject to the lien of the bank.

The issues so made were submitted to the jury, upon whose verdict judgment was entered in favor of the bank for $2100, the amount of the principal debt still due the bank, with foreclosure of the lien on the lots, and in favor of Laing against M. T. and D. C. Bruce for the recovery of the lots, subject to the bank's lien. It was further decreed that no execution should be issued against M. T. Bruce for any balance that might remain unpaid after the sale of the lots under the order of sale. From this judgment both M. T. and D. C. Bruce have appealed.

. Before the intervention of D. C. Bruce, M. T. Bruce filed an admission in writing of the bank's right to recover, except in so far as the same might be defeated by the defensive matter set up, "that is, the notes herein sued on were fully paid and discharged by defendant Bruce, and that plaintiff acquired possession of the same after maturity."

On the issue of payment thus tendered by M. T. Bruce the evidence was conflicting, but fully warranted the finding evidently made by the jury against him upon it. The evidence was also conflicting on the issue tendered by intervenor Laing's plea as to the circumstances under which

the notes declared on were executed and the nature of the transaction between him and M. T. Bruce, but likewise warranted the jury in finding the facts to be substantially as alleged in that plea. The date of the dissolution of the partnership between Bruce and Laing was not correctly given in the plea, as the evidence showed the true date to be July 31, 1892, but that was immaterial.

On the plea of estoppel against D. C. Bruce, the evidence warranted, if it did not require, a finding that he held possesion of the property as tenant of Laing, paying or promising to pay rents as such from 1894 or 1895 to 1897. It will be noted also that D. C. Bruce failed to deny, by any pleading filed in the case, these allegations made against him by Laing.

The statement of facts fails to show that D. C. Bruce had any interest in the property except as tenant, unless the following quotation therefrom shows it, which can hardly be claimed: "Intervener D. C. Bruce offered in evidence deed from M. T. Bruce to D. C. Bruce, dated January 15, 1898, Filed February, 5, 1900." We are thus left to conjecture as to what was conveyed by this deed.

The first error is assigned to the court's refusal to permit intervener Bruce in the selection of the jury, to make peremptory challenges, as shown by the bill of exceptions. He demanded a separate jury list for the purpose of himself making six peremptory challeges, without reference to the number made by M. T. Bruce, which was properly denied upon the ground that their interests were not adverse, but that both intervener Bruce and defendant Bruce were to be regarded as one party within the meaning of the jury law, and entitled together to only six peremptory challenges. Rev. Stats., art. 3212; Hargrove v. Vaughn, 82 Texas, 347; Shoe Co. v. Insurance Co., 8 Texas Civ. App., 227; Baum v. Sanger, 49 S. W. Rep., 650; 12 Enc. of Pl. and Prac., 483, et seq. He then demanded that the defendant Bruce be required, or that he, intervener, be permitted, to peremptorily challenge three of those offered as the panel to select from, giving their names, but the court declined to take any action upon his demand, stating that it was a matter for the parties to settle between themselves, and the jury impaneled to try the case included the three thus challenged. Whether the court erred in refusing to divide between defendant and intervener Bruce the six peremptory challenges allowed by statute to "each party to civil suit in district court," is to us the most troublesome question presented by this appeal, and one upon which we have been unable to reach a satisfactory conclusion. The statute has made no provision for a case like this, and it may be doubted whether the court should be required to go further than the statute has gone. However, there is much force and seeming fairness in the view expressed by Chief Justice Finley in one of the cases cited above that in case of disagreement the challenges should be equally divided. The bill of exceptions fails to show how many peremptory challenges were made by defendant Bruce, and is perhaps defective in not showing fully how this was, so as to clearly exclude the inference that

the intervener was not prejudiced by the court's action, involving as it probably did the exercise of discretion, in the absence of a statute regulating the matter.

But however this may be, we have come to the conclusion that if there was error in the action or nonaction complained of, it would not warrant us in reversing the judgment, because in no event under the pleadings and evidence was intervener Bruce entitled to hold the property sued for by Liang, who, as against him, showed an unquestioned right to recover. Caldwell County v. Harber, 68 Texas, 321. As to intervener Bruce, who was in possession of the property, intervener Laing, who sought to recover it from him, was plaintiff in the action, and as such made allegations against intervener Bruce, which, as before seen, not being denied, entitled him to recover. The statute, it is true, pleads a general denial for the plaintiff of matters set up in the answer of the defendant, but where the defendant fails to deny what is alleged against him by the plaintiff, all the material issuable facts so alleged are taken as confessed. Because the plaintiff becomes such by intervention does not alter the case. While he is intervener, he is also plaintiff, and the issues must be made and determined under the rules of pleading and evidence provided for the settlement of controversies between plaintiff and defendant. There was nothing in his plea already filed to excuse the failure of intervener Bruce to reply to the allegations made against him by Laing, for it contained no denial in any form of the alleged relation of landlord and tenant. The nearest approach to it was the allegation that he had become the owner of the property in controversy by purchase upon the faith of representations estopping Laing from claiming the property, but this he utterly failed to prove, so far as this record shows. In no sense then was intervener Bruce a plaintiff in the issues affecting him so as to avail himself of the statutory denial of the facts alleged in the plea of Laing treated as an answer, but he stood before the court and jury as an intervening defendant and that only, without any denial of the facts of estoppel which required him to yield possession to Laing.

One other feature of the record may be noticed in this connection. The statement of facts, which was approved as an agreed statement, was signed by counsel for the bank, and by counsel for M. T. Bruce and D. C. Bruce, but not by counsel for Laing, who have consequently filed a motion to strike it out. There seems to be good authority for holding that in such case the statement of facts will be considered only with reference to the rights of the parties agreeing to it. Henderson v. Morris, 55 Texas, 596; Blow v. Heirs of De La Garza, 42 Texas, 232. The case of Schneider v. Stephens, 60 Texas, 419, opinion by Judge Watts, is cited as being to the contrary, but in that case there were only two parties, one plaintiff and one defendant, and there could consequently have been no agreed statement of facts without the concurrence of both. It was accordingly held that, although only one had signed it, as the court approved it as an agreed statement, the presumption would be indulged that the other party also had agreed to it. However, it may be that this would

be no answer to the assignment if, under the issues made by the pleadings, the manner of selecting the jury complained of might have been prejudicial.

The next error is assigned to the court's refusal to permit defendant Bruce to prove that there was usury in the debt for which the notes sued on were held as collateral, and that, applying the payments which had been made upon that debt to the principal, nothing remained unpaid but usurious interest. We find no reversible error in this ruling, especially in view of the judgment that was rendered relieving him of any personal liability on the notes. Judgment had been obtained by the bank against Laing upon the original debt, the suit as to Bruce having been dismissed, and not only was the defense of usury not interposed by Laing in that case, but in his plea of intervention in this case he admits the validity of that debt and judgment. If, then, the property in controversy be the property of Laing, as found by the jury, and by the judgment appealed from Bruce goes scot free, we fail to see that he has any ground of complaint.

The third error is assigned to the court's refusal to give special charges 1, 2, and 3, but the appellee bank objects to our considering the assignment so made, and the authorities would perhaps require us to heed this objection, inasmuch as these several requested charges contain propositions apparently so diverse as not to admit of being grouped in one assignment. However, we find that in so far as they were correct and applicable (and even further), they were covered by the charge of the court. In two of them, the first and third, the erroneous proposition was embodied, that a negotiable promissory note taken in due course of trade by indorsement before maturity is subject to all defenses available to the original maker against the original holder where it is taken as collateral security for a pre-existing debt. See Tyson v. Swift, 16 Pet., 1, 10 L. Ed., 865, and a long line of cases following it both in and out of this State, including Brown v. Thompson, 79 Texas, 58. There seems to be authority also for holding, in the absence of statute, that accommodation paper, which the verdict establishes this was, may be safely taken as collateral even after its maturity, but we need not go that far in this case. Colebrooke Coll. Sec., 2 ed., secs. 31, 32, 34, 41. But see Rev. Stats., art. 307.

The fourth error is assigned upon the ground that Laing could not recover under his pleadings and the issues in the case; but this assignment evidently arises out of a misconception of the real nature of the transaction of April 27, 1892, between Bruce and Laing as alleged and proved by the latter, in pursuance of which the notes then executed became accommodation paper, with the lots as security, first to the holder of the notes, and then to Bruce as accommodation maker, while the title to the lots, though conveyed to Bruce, was understood to remain in Laing, subject to the lien of such holder and maker.

The fifth and last assignment complains of the verdict, but in view of the foregoing conclusions must be overruled.

· What we have already said also sufficiently disposes of the fundamental proposition submitted in behalf of intervener Bruce, who came into the case voluntarily and failed to establish any title to the property in himself, or even to show such possession as to put Laing, the true owner, upon proof of his title. It mattered not, then, to him that the bank was given a foreclosure of its lien, the fundamental proposition submitted relating to that issue.

The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.