## MRS. J. E. DOUGLAS v. THE STATE.

### No. 1189. Decided May 24, 1911.

### Rehearing Denied June 21, 1911.

**Illegal Practice of Medicine—Statement of Facts—Bills of Exception.**

Where the statement of facts and bills of exceptions were filed after the time provided by law in which they can be filed, and there was no reason assigned why they were not filed in time; and they were not approved by the judge nor signed by defendant's counsel or the prosecuting attorney, they could not be considered on appeal; and the mere submission of the statement of facts by defendant's counsel to the county attorney during the term of the court at which the conviction was had, and the latter's promise that same would be signed and filed, was not sufficient diligence.

Appeal from the County Court of Tom Green. Tried below before the Hon. Milton Mays.

Appeal from a conviction of illegally practicing medicine; penalty, a fine of $100 and one day confinement in the county jail.

The opinion states the case.

*Wright, Wynn & Bartholomew,* for appellant.—On question that it was no fault of the appellant or counsel that the statement of facts was not filed in time by the judge within the time required by law: Henderson v. State, 20 Texas Crim. App., 304; Bryans v. State, 29 Texas Crim. App., 247; Preito v. State, 35 Texas Crim. Rep., 69;

Bryant v. State, id., 394; Martin v. State, 16 S. W. Rep., 749; Bracy v. State, 49 S. W. Rep., 598; Davis v. State, 41 Texas Crim. Rep., 223, 53 S. W. Rep., 638.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—There was a complaint and information filed against appellant charging her with violating the medical practice Act of the Thirtieth Legislature, in that she did then and there practice medicine upon human beings, and did then and there publicly profess to be a physician, and did then and there treat Mrs. James Walraven, for a certain physical disease and disorder, and did charge therefor money and other compensation, without having registered her authority for so doing from the board of medical examiners provided for in said Act.

The statement of facts and bills of exception are filed after the time provided by law in which they can be filed. No reason is assigned why the bills of exception were not filed in time, but appellant through her attorney represents that he presented the statement of facts to the county attorney during the term of court at which said conviction was had, and asked the county attorney to agree to the same so that he could have it filed and approved during that term of court, and that the county attorney assured him that same should be approved and filed within the time required by law, and that the county attorney afterwards told appellant's counsel that same had been approved by the judge and filed within proper time. The county attorney states that appellant's counsel correctly represents the circumstances and his statement to him, and he joins in the request of appellant's counsel that same be considered.

The original statement of facts has been filed with the record, and the same is not approved by the county judge, and the signature of appellant's counsel is not affixed thereto.

In no case has this court considered a statement of facts not approved by the trial court. In the case of Childress v. State, 36 Texas Crim. Rep., 128, this court held that although a statement of facts had been agreed on by counsel for the State and defendant, and filed within the time, yet as it did not have the approval of the judge the same could not be considered, even though defendant's counsel had informed the judge within the term that the statement of facts had been agreed on and was on the clerk's desk, and the judge answered "all right."

In the case of Kutch v. State, 32 Texas Crim. Rep., 184, appellant's counsel prepared a statement of facts and carried it to the prosecuting officer, and upon returning next day, was informed it was correct, but did not get the attorney's signature. He then carried it to the judge, who declined to approve it until he could see the district attorney. Nothing more was done. The court held this was not the diligence re-

quired by law. This question is fully discussed in the case of George v. State, 25 Texas Crim. App., 229, in which it is held that an unsigned statement of facts, if presented to the judge, could not have been acted on as an agreed statement. In this case the statement of facts has never been signed by appellant's counsel, and it not bearing either the signature of appellant's counsel nor the judge trying the case, we would have to overrule an unbroken line of decisions to consider the statement of facts in this case. See also Hutchins v. State, 33 Texas Crim. Rep., 299; Blow v. De La Garza, 42 Texas, 232; Renn v. Samos, 42 Texas, 104; Suit v. State, 30 Texas Crim. App., 321; Hess v. State, 30 Texas Crim. App., 477.

Under the law under no circumstances can we consider a statement of facts not bearing the approval of the judge. The motion of the Assistant Attorney-General to strike out the statement of facts and bills of exception is sustained.

Appellant filed a motion to quash the information which was by the court overruled. In this there was no error.

The record containing neither statement of facts nor bills of exception, there is no error assigned which we can consider.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

#### June 21, 1911.

HARPER, JUDGE.—Appellant has filed a motion for rehearing, and asks that this court reverse this case because appellant has been deprived of a statement of facts through no negligence of appellant or her attorneys. As stated in the original opinion, appellant prepared a statement of facts and delivered it to the county attorney. Appellant was told that it had been filed. Appellant's counsel never signed the statement of facts themselves, nor is the county judge's signature affixed thereto. It is not shown that appellant's counsel ever authorized or requested the county attorney to sign their names to the statement of facts. They never presented a statement of facts to the county judge, but relied on another to do so for them. This is not such diligence as the law requires. Appellant's counsel must have known that the statement of facts must bear their signature, unless there was a disagreement between them and the county attorney, when it would have been appellant's duty to present to the judge a statement of facts. Hess v. State, 30 Texas Crim. App., 477.

The motion for rehearing is overruled.

*Overruled.*