## J. T. GROGAN v. THE STATE.

### No. 1951. Decided March 7, 1900.

**1. Statement of Facts Filed—Diligence.**

Where there was no order allowing ten days within which to file a statement of facts after adjournment for the term, and the purported statement was filed four days after the adjournment, no proper diligence is shown, and an unsworn statement of the trial judge in explanation of the matter can not be considered.

**2. Same—Bill of Exceptions.**

In order to entitle a statement of facts and bills of exception not filed in term time to be considered on appeal, it must be made to appear that before the time elapsed for filing the same appellant, through counsel, went to the judge and demanded the approval of said papers in order that he might file them in time, or that having called on the judge for the papers the judge refused to deliver them to him, and distinctly promised to approve and file the same within the time authorized by law.

**3. Absence of Statement of Facts and Bills of Exceptions—Practice on Appeal.**

Assignments of error relied on by appellant can not be reviewed on appeal in the absence of a statement of facts and bills of exception.

APPEAL from the County Court of Erath. Tried below before Hon.
L. N. FRANK, County Judge.

Appeal from a conviction of adultery; penalty, a fine of $250.

No statement of facts which could be considered.

*Nugent & Thompson,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of adultery, and
his punishment assessed at a fine of $250, and he prosecutes this
appeal.

The Assistant Attorney-General has filed a motion to strike out the
statement of facts and bills of exception, because not filed in time. The
court at which the trial was had adjourned June 24, 1899. The state-
ment of facts appears to have been filed on June 15th, and the bills of
exception appear to have been filed on June 16th. The motion of the
Assistant Attorney-General is predicated on the affidavits of M. F.
Martin, an attorney representing the State, and R. F. Roberts, a
former deputy county clerk of Erath County. The affidavits state that
the statement of facts and bills of exception were filed about August
15, 1899; that both the statement of facts and bills of exception were
filed after the adjournment of the court. There is a response to this
motion of the Assistant Attorney-General, supported by the affidavits
of Clarence Nugent and M. J. Thompson. These affidavits of appel-
lant's counsel are in the nature of a confession and avoidance. With
reference to the statement of facts we cull from the affidavits this ex-
pression: "On the 28th of June, 1899, defendant's counsel, under-
standing that the bills of exceptions were filed, or had been considered
filed, on the 16th day of June, 1899, with the court's permission took
the statement of facts above referred to, and filed the same with the
clerk of the county court of Erath County; nor at that time was any
other statement of facts prepared or filed by either the court or prose-
cuting counsel, so far as defendant's counsel were able to find out."
That is, we take it, that here is an admission that what appellant is
pleased to term the "original statement of facts" was not filed until
June 28th,—four days after the adjournment of the court,—and we
find no ten-day order in the record. Appellant seeks to excuse himself
for not filing the statement of facts sooner because M. F. Martin was
absent, and his partner, J. C. George, desired him to wait until Martin
returned. The application shows that Oxford, one of the State's coun-
sel, refused to sign said statement of facts on June 12, 1899; that
counsel then, it seems, took the statement of facts to the judge, and
he looked over it, but did not sign the same; that he went to see the
judge on several other occasions, but the judge stated he was very
busy, but would approve the same and file the statement of facts
himself within the lawful time. There is also appended an explanation

by the judge, but it is not sworn to, and can not be considered; but, even if it could be, it would not alter the case. It does not occur to us that appellant used proper diligence to obtain the signature of the judge and to file the statement of facts within the time required by law. It certainly was his duty to procure a ten-day order, and to have the same entered of record. This, as we have seen, was not done. As to the bills of exception the statement of appellant in said affidavit is equally as general as the statement in regard to the statement of facts. Appellant shows there were some twelve bills of exception; that he and Oxford agreed on all but two; that appellant then carried the bills to the judge and left them with him. It seems that, after several efforts to get the court to sign the bills, the court instructed Nugent, one of the attorneys, to tell the clerk to consider the bill of exceptions then filed. It seems said bills were not filed at that time. It is a little difficult to understand this statement. It is not clear and distinct, as it should be, in order to meet directly the issue made by the State. Bryant v. State, 35 Texas Crim. Rep., 394; Davis v. State (Texas Crim. App.), 47 S. W. Rep., 978. But, as far as we can judge, there is an admission on the part of appellant that neither the statement of facts nor the bill of exceptions was filed during the term; and then there is an attempt to show diligence on the part of appellant, and to lay the failure to file the same in time on the judge. But, as stated, the affidavit here does not place the blame on the judge by clear and distinct averments, but, as presented in this general way, it occurs to us that there is a failure on the part of appellant to exonerate himself, or to show that there was no lack of diligence on his part. He should have shown that, before the time elapsed for filing the bills of exception and the statement of facts, he went to the judge and demanded the approval of said papers, in order that he might file them in time, or, having called on the judge for the papers, the judge refused to deliver them to him, and distinctly promised to approve and file the same within the time authorized by law. Unquestionably, if appellant had shown complete diligence on his part, and that the failure to file the same was on account of the laches of the judge, then it would be our duty to consider said statement of facts and bills of exception as part of the record in this case; but, as presented in this affidavit, we do not feel authorized to do so. In the absence of a statement of the facts and bills of exceptions, the assignments relied on by appellant can not be reviewed. No errors being apparent in the record, the judgment is affirmed.

*Affirmed.*

DAVIDSON, Presiding Judge, absent.