## VERNON CRAWFORD v. THE STATE.

### No. 4158.  Decided May 12, 1909.

**1.—Murder—Charge of Court—Murder in the First Degree.**

Where upon trial for murder the evidence showed an unprovoked murder, the court correctly charged on murder in the first degree.

**2.—Same—Charge of Court—Deadly Weapon.**

Where upon trial for murder the evidence showed that the defendant had habitually carried a very large knife with a long blade, there was no harmful error in the court's charge that this circumstance did not necessarily show an unlawful purpose on defendant's part.

**3.—Same—Continuance—Bill of Exceptions.**

Where the action of the court in overruling an application for continuance is not reserved by bill of exceptions, it cannot be considered on appeal.

**4.—Same—Charge of Court—Self-Defense.**

Where upon trial for murder the charge of the court on self-defense was applicable to the facts in the case, although technically inaccurate, there was no error.

Appeal from the District Court of Limestone.  Tried below before the Hon. H. B. Daviss.

Appeal from a conviction of murder in the first degree; penalty, life imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was indicted in the District Court of Limestone County charged with the murder of one Gaston Thetford by cutting him with a knife.  He was convicted on his trial had on the 30th day of January, 1909, of murder in the first degree and his punishment assessed at confinement in the penitentiary for life.

The scene of the homicide was at a negro festival given near Big Hill, in Limestone County, on the 11th of October, 1908.  The testimony of the witnesses, both for appellant and the State, is conclusive that he killed the deceased.  Algie Gresham, a witness for the State, says: "I was at Jay Williams the night of October 11, 1908, when Gaston Thetford was killed; he was standing at his horse's head unhitching his horse, and that nigger there, pointing to defendant, ran up behind him and stabbed him.  This occurred in Limestone County, Texas; deceased was not trying to hurt defendant in any way and was merely unhitching his horse when defendant stabbed him."  Another witness, Jesse Carwile, introduced by appellant, testified, among other things, as follows: "Vernon and deceased were not cutting at one another; I only saw one lick pass,

and Vernon made that. He stabbed the man under the horse's neck. The white man was not doing anything." The court charged on murder in the first degree, murder in the second degree and manslaughter and also gave a charge on self-defense. Many of the questions raised in appellant's motion for new trial can not be considered for the reason that the matters therein contained were not preserved by proper bills of exception.

1. Among other grounds urged for reversal is the claim that the issue of murder in the first degree was not raised by the evidence and that the court erred in submitting this issue to the jury at all. We think where the evidence, as in this case, shows an unprovoked murder, without any justification or excuse and at a time when the deceased was undertaking to unhitch his horse, he is approached with a knife, as deceased was in this case and without pretense of justification, was stabbed and killed, that it quite clearly raises the issue of murder in the first degree. We also think it clear that as evidenced by this record the testimony abundantly supports and sustains a verdict affirming appellant's guilt of such offense.

2. The only criticism of the court's charge is of the following paragraph thereof: "The fact that defendant carried a large knife is not necessarily evidence of any unlawful purpose on his part. This you must determine by the use for which it was employed by the defendant, if any, in the case." We think it was unnecessary for the court to have given this charge, but in the light of the evidence it is not seen how it is possible that it could have injured the appellant. The evidence shows that he had and carried habitually a very large knife with a blade something like six inches long and almost an inch wide. We assume it was the purpose of the court, in giving this instruction, to guard the rights of appellant against any injury or injustice from the mere fact of the possession of such a weapon and to instruct the jury that the possession of such a weapon would not make him guilty. In other words, they were instructed in substance to disregard the mere possession of such a weapon and judge his guilt or innocence by what he did.

3. Appellant filed an application for continuance which appears in the record, but there is no bill of exceptions in regard to the same and it can not therefore be considered.

4. Appellant also complains that the court failed to submit in his charge to the jury the defendant's theory of self-defense which was that defendant was pursued by deceased with an open knife. The court gave a very liberal charge on the law of self-defense and among other things instructed the jury as follows: "Every person is permitted by law to defend himself against any unlawful attack, reasonably threatening injury to his person, and is justified in using all necessary and reasonable force to defend himself, but no more than the circumstances reasonably indicate to him at the time

and from his standpoint to be necessary. Homicide is justified by law when committed in defense of one's person against any unlawful or violent attack, made in such a manner as to produce a reasonable expectation or fear of death or some serious bodily injury.

"A reasonable apprehension of death or great bodily harm will excuse a party in using all necessary force to protect his life or person, and it is not necessary that there should be actual danger, provided he acted upon a reasonable apprehension of danger as it appeared to him from his standpoint at the time, and in such case the party acting under such real or apparent danger is in no event bound to retreat in order to avoid the necessity of killing his assailant.

"If from the evidence you believe the defendant killed the said Gaston Thetford, but further believe that at the time of so doing the deceased had made an attack on him, which, from the manner and character of it and the relative strength of the parties and the defendant's knowledge, if any, of the character and disposition of the deceased causing him to have a reasonable expectation or fear of death or serious bodily injury, and that acting under such reasonable expectation or fear, the defendant killed the deceased, then you should acquit him; and if the deceased was armed at the time he was killed and was making such attack on defendant, and if the weapon used by him and the manner of its use were such as were reasonably calculated to produce death or serious bodily harm, then the law presumes the deceased intended to murder or aimed to inflict serious bodily injury upon the defendant." While perhaps not technically accurate in every respect, this charge is not obnoxious to the criticism contained in appellant's motion, that it fails to submit the issue of self-defense arising under the testimony.

There are no other matters contained in the motion which in the state of the record, as it comes to us, we can review.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*