ROSCOE TRINKLE V. THE STATE.

No. 268.    Decided December 8, 1909.

Rehearing denied January 12, 1910.

1.—Local Option—Statement of Facts—County Court—Statutes Construed.

The Act of the Thirtieth Legislature, page 59, with reference to filing statement of facts after adjournment of court, does not apply to cases tried in the County Court; and where, upon appeal from a conviction of the local option law in the County Court, it appeared from the record that the statement of facts was filed after the adjournment of court, the same could not be considered.

**2.—Same—Sufficiency of the Evidence.**
See opinion for evidence held sufficient to sustain a conviction of a violation of the local option law.

Appeal from the County Court of Upshur. Tried below before the Hon. Albert Maberry.

Appeal from a conviction of a violation of the local option law; penalty, $50 and thirty days confinement in the county jail.

The opinion states the case.

*M. B. Breggs* and *J. R. Hart* and *Warren H. Breggs,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This appeal is from a conviction had in the County Court of Upshur County wherein appellant was found guilty of selling intoxicating liquors in said county in violation of the local option law.

A number of errors are assigned, many of which we deem it unnecessary to discuss. The evidence is not very satisfactory and yet we are scarcely prepared to hold that it is insufficient. The main witness for the State was evidently hostile and reluctant to testify to the real facts. He does state, however, that in the fall of 1906 "I bought something to drink from him (appellant) in Big Sandy." He says further: "I got a bottle from Roscoe Trinkle there in that room; I do not know how much I paid for it, I do not know whether I gave him the money or put it on the box or what. I do not remember paying Roscoe Trinkle anything for the bottle I got, but I do remember getting some money out of my pocket. I got the money out of my pocket, I suppose, to pay for it, but I do not remember paying him anything, but my best judgment is that the money went to pay for the bottle." As to what it was he bought he says: "I suppose it was whisky in the bottle, but I have tasted better drinks called whisky than that was." Again, he says: "My best judgment was that it was a kind of strong drink, maybe cider. My best judgment was that it was whisky, of course; I would not swear positively that it was whisky." Evidently when he uses the words "best judgment" and "suppose" it is to be understood in the sense of "my recollection," and as expressing a belief. In addition to the evidence of this witness, the State introduced proof of Internal Revenue License issued to appellant covering the period at which the sale was made. Most of the motion embraces objections to the local option election held in Upshur County. In the absence of a contest the regularity of such election is to be assumed, and it can not be raised as is here attempted. The evidence, as stated, is not very satisfactory, but under all the circumstances is, we believe, sufficient to sustain the conviction.

None of the other matters raised are deemed to be of sufficient importance to require discussion. Finding no error in the judgment of the court below, it is ordered that the same be and it is hereby in all things affirmed.

*Affirmed.*

### ON REHEARING.

### January 12, 1910.

RAMSEY, JUDGE.—Appellant has filed in this case a vigorous and well considered motion for rehearing, in which the conclusion of the court, that the judgment of conviction is supported by the evidence, is vigorously attacked. The proof as contained in the record is indeed weak. We find, however, that on a careful examination of the record that we are not authorized to consider the statement of facts at all. It appears from the record that the term of the County Court at which the conviction was had ended on the 5th day of December, 1908. The statement of facts was filed on January 4, 1909. The Act of the Thirtieth Legislature, page 59, does not apply to cases tried in the County Court. Nichols v. State, 55 Texas Crim. Rep., 211. In this state of the record we are not authorized to consider the statement of facts filed in the cause.

The motion for rehearing is overruled.

*Overruled.*

McCord, Judge, not sitting.