DALTON STENNETT v. STATE.

No. 593.     Decided May 11, 1910.

**Aggravated Assault—Charge of Court—Misdemeanor—Practice on Appeal.**

A conviction in a misdemeanor case can not be reversed on account of the charge of the court, unless the latter is excepted to and a correct special charge is requested covering the matter complained of by the exception,

Appeal from the County Court of Shelby. Tried below before the Honorable W. D. White.

Appeal from a conviction of aggravated assault; penalty, a fine of $25. The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was convicted in the County Court of Shelby County on the 21st day of October of last year on a charge of aggravated assault committed upon Mrs. D. A. Moore, and his punishment assessed at a fine of $25.

The facts in this case are almost identical to those in the case of Johnson v. State, this day decided. There was, however, in this case no exception to the court's charge as there was in the Johnson case, and no complaint of same at all by any exception; nor indeed was same complained of in motion for new trial. The sole ground of the motion is that the verdict is contrary to and unsupported by the evidence. Before we would be justified in reversing a misdemeanor case the charge of the court must be excepted to and a correct special charge requested covering the matter complained of by the exception. As presented in this record there is no question for which we would be authorized to reverse the case.

The evidence is amply sufficient to sustain the verdict, and the judgment of conviction is therefore affirmed.

*Affirmed.*