W. H. FRANKLIN, ALIAS BUD FRANKLIN, v. THE STATE.

No. 597.   Decided June 8, 1910.

1.—Theft—Sufficiency of the Evidence.

Where, upon trial of theft of money, the evidence supported the conviction, the same will not be disturbed.

2.—Same—Charge of Court—Circumstantial Evidence—Requested Charges—
     Misdemeanor—Practice on Appeal.

Upon trial of theft of money under the value of $50, where the defendant did not except to the court's charge on circumstantial evidence at the time the charge was given, and raised objections thereto for the first time in motion for new trial, the same can not be considered on appeal.

Appeal from the County Court of Navarro.   Tried below before the Hon. J. M. Blanding.

Appeal from a conviction of theft under the value of $50.; penalty, a fine of $100 and ninety days confinement in the county jail.

The opinion states the case.

*L. J. Gibson,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—Appellant was indicted and convicted for the theft of $40, and his punishment assessed at a fine of $100 and ninety days in jail.

He has appealed to this court and asked for a reversal upon two grounds.   First, the insufficiency of the testimony, and, second, the error of the court in his charge upon circumstantial evidence.   Mrs. Angeline Lyons testified that on the morning of the 30th day of October, 1909, she left her room and went out to the cow pen to milk, and that she left the defendant in this room with her sick husband; that in this room she had $40 in money, two $20 bills; that she was gone to the cow pen about a half hour; that she left no one with her husband except the defendant; that her husband at the time was sick and practically had lost his mind.   That when she came back appellant was sitting in the room on the trunk with · his hand either on or by the box where her money had been placed. That the appellant had been sitting up with her husband a good deal, and there was nothing unusual in his sitting upon the trunk, as he had sat there before.   She says that shortly after she got back appellant excused himself and left her home; that he had been nursing her husband for two or three weeks and had been very attentive to him; that two of her married sisters were at the house on that morning and four or five grand-children; that one Allen Cooper and Lonnie McLendon were also at the house that morning.   She further testified that she did not see anyone go in the house while she was at the cow pen; that she had that morning before she went to milk

taken out one $20 bill and gave it to her son Tom to go to Rich-land and buy some groceries, and that she folded up the two remain-ing bills and put them back in the purse and stuffed them down in the box under the quilt, or bed clothing; that defendant was in the room at the time she did this, and at the time there was no one else in the room other than the defendant and her sick husband. She said that shortly after she came back from the cow pen the defendant left, and Allen Cooper and Lonnie McLendon came and stopped in the room two or three minutes and asked about her hus-band's condition; that they did not sit down or go about the chest her money was in; that her son was gone to Richland about two or three hours, and when he came back he brought three five dollar bills and some silver and gave it to her; that she went with it to the chest to put it away, and when she did so she found that the two $20 bills were gone. The testimony of the other witnesses in the case was negative in its character in that they saw no one around there and that they did not get the money. The State fur-ther proved by Mrs. Sophia Fetty that she saw the appellant at Burton Peel's on the evening of October 30, and that the appellant told her he had borrowed $40, and that he had bought a $6 pair of shoes and a $10 hat, and had paid off a buggy note to Phillips. This was on the evening after the money was taken in the morn-ing. The appellant did not testify in the trial of the case. Under this state of facts we do not feel that we would be authorized to disturb the verdict of the jury on the ground that the evidence is insufficient and this ground of the motion will be overruled.

On the trial of the case the court charged the jury as follows: "There is no positive evidence as to who, if anyone, got the two twenty-dollar bills described in said indictment, and in this case the State relies for a conviction upon circumstantial evidence alone, and in order to warrant a conviction upon such evidence, each fact nec-essary to establish the guilt of the defendant must be proved by competent evidence beyond a reasonable doubt, and the facts and circumstances proved should not only be consistent with the guilt of the accused, but inconsistent with any other reasonable hypothesis or conclusion than that of his guilt, and said facts proved should explore every reasonable hypothesis of defendant's guilt, and produce in your minds a reasonable and moral certainty that the defendant committed the offense as charged." And at the request of the de-fendant the court gave the following charge: "In this case the State seeks a conviction upon evidence which is circumstantial, and you are therefore instructed, at the request of the defendant, that before you can convict you must believe that the evidence excludes every reasonable doubt except as to the guilt of the defendant and must lead you to the conclusion that the defendant and no other person committed the crime, if any, as charged. It is not sufficient that the State by its evidence render probable the guilt of the de-

fendant, but the State must exclude every reasonable hypothesis except that of the guilt of the defendant and lead your minds to the conclusion with moral certainty that the defendant and no other person took the money as charged." Appellant in his motion for new trial complained of the main charge of the court; that the same was not only erroneous but hurtful to the defendant and was contradictory to the charge as requested and given. No exception to this charge as given by the court was taken at the time the charge was read to the jury. Appellant presented to the court a bill of exceptions to this charge after his motion for new trial had been overruled. The court stated in the qualification to this bill as follows: "The question of the insufficiency of said charge as given, or any errors therein, if any, was first raised in defendant's motion for new trial," and that no objection or exception to the charge as given was made or taken by the defendant at the time same was given. We have held in misdemeanor cases that errors in the charge of the court can not be considered on appeal unless exceptions are taken at the time the charge is given. In order for counsel to avail themselves of errors in the charge exceptions must be taken at the time and a special charge requested covering the point, and this court will not consider errors in the charge raised for the first time in motion for new trial. In the shape the record is in we can not consider the objections to the charge given by the court on the subject of circumstantial evidence.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*