### G. H. Wagoner v. The State.

#### No. 844. Decided October 4, 1911.

#### Rehearing denied November 8, 1911.

**1.—Swindling—Statement of Facts—Felony—Misdemeanor.**

The County Court in misdemeanor cases can not grant a longer time than twenty days in which to file statement of facts and bills of exception, and they must be copied in the record. The stenographic Act provides that in felony cases from the District Court the original statement of facts must be sent up. Following Moshier v. State, 62 Texas Crim. Rep., 42, and other cases.

**2.—Same—Indictment—Precedent.**

Where the indictment for swindling follows the statute and complies with approved precedent, the same is sufficient.

**3.—Same—Charge of Court—Misdemeanor.**

In misdemeanor cases the Appellate Court can not reverse on objections to the charge of the court, unless excepted to and correct charges are requested and refused by the court below.

**4.—Same—Practice on Appeal.**

In the absence of a statement of facts, the indictment being sufficient and the charge of the court submitting correct issues thereunder, there was no reversible error.

Appeal from the County Court of Menard. Tried below before the Hon. J. D. Scruggs.

Appeal from a conviction of swindling; penalty, a fine of $10 and ten days confinement in the county jail.

The opinion states the case.

*S. C. Rowe,* for appellant.—On question of time for filing statement of facts: Garrison v. Richards et al., 107 S. W. Rep., 861.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—The appellant was indicted, tried and convicted of swindling, a misdemeanor. The trial was had in the County Court on July 7, 1910. There is no statement of facts copied in the record. However, there is with the papers what purports to be a statement of facts, which shows to have been filed in the lower court on August 12, 1910. There also appears in the record an order allowing, first, thirty days to file statement of facts and bills of exception, and then later an extension of even that time.

It has been uniformly held by this court that the County Court in

misdemeanor cases can not grant a longer time than twenty days in which to file statements of facts and bills of exception, and that whatever statements of facts are filed within time must be copied in the record and made a part thereof, and not sent up as a separate paper, as is provided for in the stenographic Act passed by the Legislature, in felony cases tried in the District Court. Mosher v. State, 62 Texas Crim. Rep., 42, 136 S. W. Rep., 467; Looper v. State, 62 Texas Crim. Rep., 98 (2 cases), 136 S. W. Rep., 791-2; Nichols v. State, 56 Texas Crim. Rep., 211; Trinkle v. State, 57 Texas Crim. Rep., 567. So that in this case we can not and do not consider the purported statement of facts.

There is, however, in the record, a bill of exceptions filed within time, complaining of the overruling of the motion to quash the indictment. The indictment is in substantial, if not literal, compliance with the approved form laid down in White's Annotated Penal Code under article 943, and is in accordance with the statute on the subject. So that the court did not err in overruling the motion to quash the indictment.

Complaint is made by other bills of exception, which were filed in time, of the charge of the court in several particulars. It has also been the uniform holding of this court that, in misdemeanor cases, this court can not reverse on the charges given, unless excepted to, and correct charges asked by the appellant and refused by the court at the time. Stennett v. State, 59 Texas Crim. Rep., 262; Cosmoreski v. State, 59 Texas Crim. Rep., 296; Thurston v. State, 58 Texas Crim. Rep., 308; Franklin v. State, 59 Texas Crim. Rep., 523.

In the absence of a statement of facts, we can not consider any of the other claimed errors. The indictment being sufficient, the charge of the court substantially submitting correct issues thereunder, and the verdict and judgment being against the appellant, the judgment will be affirmed.

*Affirmed.*