Opinion delivered June 9, 1888.

---

## No. 5799.

## P. C. SPENCER v. THE STATE.

PRACTICE—STATEMENT OF FACTS approved by the trial judge and filed after the adjournment of the court, or after the expiration of the subsequent ten days allowed by the court, will not be considered on appeal, unless the appellant, under the provisions of the act of March 8, 1887, shows to the satisfaction of this court that he used due diligence to procure the approval and the filing of the same within the time prescribed by law, and that his failure to do so was not due to the fault or laches of himself or his attorney, but was the result of causes beyond his control. See the opinion in extenso for a showing under this act *held* insufficient.

APPEAL from the District Court of Wilbarger. Tried below before the Hon. P. M. Stine.

The conviction in this case was for the theft of a horse, the property of Albert Carter, and the penalty assessed was a term of five years in the penitentiary.

The opinion involves only the validity of the statement of facts.

*M. V. LaBaume, J. L. L. McCall* and *B. G. Johnson*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

HURT, JUDGE. An order was entered allowing appellant ten days after the adjournment of the court to file a statement of facts, but the statement found in the record was not filed until after the the ten days allowed had passed. The appellant seeks to avail himself of the provisions of the act of March 8, 1887 (Gen. Laws, 17), and to this end counsel for appellant makes affidavit to the effect that when the motion for new trial was overruled, the court being still in session, he prepared, and signed the statement of facts, and handed it to the district attorney, with the request that he get it approved by the judge and file it; and that, being ill, he then left the court room, relying on the promise of the district attorney, and was not advised of the failure to file until it was too late.

This statement is directly contradicted by the affidavit of the district attorney on file here. He states that the statement was presented to him by counsel, and that he agreed to and signed it before the counsel for the defendant did, and returned it to the counsel, after which he had no connection with the matter; that the counsel never requested him to get the approval of the judge or to file it with the clerk, and that he never undertook to do so.

When a statement of facts has not been filed within the time prescribed by law, or within the ten days allowed by the order of the court, in order that the same may be considered under the provisions of the act cited, the party so desiring must show to the satisfaction of this court that he has used due diligence to obtain the approval and signature of the judge thereto, and to file the same within the time prescribed, and that his failure to file the same within said time is not due to the fault or laches of said party or his attorney, and that such failure was the result of causes beyond his control. The statement of facts being approved and filed after the expiration of the ten days, appellant must bring himself within the above rule; must show that due diligence has been used to obtain the approval in order that the statement of facts may be filed in time; must show that his failure to file the same within the proper time was not due to his fault or laches, and that such failure was the result of causes

beyond his control.  These facts must be shown to the satisfaction of this court by the party desiring the statement of facts to be considered.  The burden of proof being upon such party, he must establish with reasonable certainty the facts which would bring him within the rule contained in the act of March 8, 1887.  Has this been done?

We have the affidavit of LaBaume, appellant's counsel, to the facts above stated.  Those facts are positively denied by Mr. Miller, the district attorney.  We must presume that these gentlemen are of equal veracity, and that Mr. LaBaume's affidavit is neutralized by that of Mr. Miller.  This being the case, and the burden being upon appellant, the scales are equally balanced; hence, a failure of proof of the facts essential to invoke the assistance of the statute cited.

But it may be insisted that LaBaume was physically unable (rendered so by sickness) to present the statement to the judge for his approval and signature.  It appears that the statement was agreed to and signed by the district attorney and LaBaume in open court, and in the immediate presence of the trial judge.  All that was required of counsel for appellant was for him to hand the statement to the judge, with a request to approve and sign the same; and if the judge had failed within the proper time to approve and sign the same so that it could be filed in time, appellant, in that case, would be without fault.  We are of opinion that appellant has not complied with the requirements of the act of March 7, 1887, and hence we can not consider the statement of facts, and the errors assigned must be considered by this court in the absence of a statement of facts.

The overruling of the application for continuance, and the admissibility of certain evidence can not be revised without a statement of facts unless the bills of exception are sufficiently full to show that there was error under any state of case.  The bills of exception in this case show no such error.

The charge of the court, when considered with reference to the allegations in the indictment, is correct.  If there are errors they are so because of the nature of the evidence, and hence do not appear upon the face of the charge.  We find no error for which the judgment should be reversed, and it is affirmed.

Opinion delivered April 15, 1888.                    *Affirmed.*

[A motion for rehearing was filed by the appellant, which was overruled without a written opinion on June 9, 1888.—REPORTERS.]