No. 2781.

ALEX FARRIS *v.* THE STATE.

1. PRACTICE—STATEMENT OF FACTS—DILIGENCE.—If a statement of facts be not filed in time, it will not be considered on appeal unless the appellant, in compliance with the act of March 8, 1887, shows that he used due diligence to have it authenticated and filed in time, and that the failure to do so was not attributable to him or his attorney, but resulted from causes beyond their control.   See the opinion in this case for a showing *held* insufficient.

2. ROBBERY—PENALTY—EVIDENCE.—Article 722 of the Penal Code, as amended by act of April 12, 1883, defines the offense of robbery, and prescribes its punishment at the penitentiary for life, or for not less than five years. It then provides that "when the offense is committed by two or more persons acting together, and a fire arm or other deadly weapon is used or exhibited by either of them in the commission of the offense, the person or persons so using or exhibiting the fire arm or other deadly weapon shall be punished by imprisonment in the penitentiary for life or for a term not less than five years"—the same penalty as that prescribed by the first clause of the article. Being on trial under an indictment which impleaded him alone, the defendant objected to testimony which tended to prove that another person acted with him in the commission of the robbery. *Held*, that the trial court correctly overruled the objection.

3. PRACTICE—EVIDENCE.—The Code of Criminal Procedure, article 661, expressly enjoins the trial courts to "allow testimony to be introduced at any time before the argument of a cause is concluded, if it appear that it is necessary to a due administration of justice." The exercise of this discretionary power will not be revised on appeal, unless it plainly appears to have been abused.

APPEAL from the District Court of Mitchell. Tried below before the Hon. William Kennedy.

The conviction in this case was for robbery, and the penalty assessed was a term of five years in the penitentiary.

The record is without a valid statement of facts.

*W. H. Henderson,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

HURT, JUDGE. This is a conviction for robbery. It appears from the record that the court adjourned on the eleventh day of June, 1888. The motion for new trial was overruled on June 8, and the statement of facts was not filed until June 30, 1888, nineteen days after adjournment.

The appellant seeks the aid of the act of March 8, 1887, and asks this court to consider the statement of facts although not filed within the time prescribed by law, nor within the ten days allowed by order of the court.

Counsel for appellant by his affidavit shows in substance that

he was very busy during the ten days next after adjournment, but that on the tenth day he completed his statement and handed it to the district attorney at twelve m, of that day; that the district attorney at three p. m., told counsel that he could not agree. Counsel told the district attorney that he would agree to such corrections as the district attorney would make, and also informed him that he must leave on the train at half-past six p. m.; that the district attorney said he was busy and could not then make the necessary alterations, but would do so later in the day. Counsel left the statement with the district attorney, with the request that the alterations be made and then presented to the judge for approval, and then be filed. Counsel on his way to take the train, again saw the district attorney, who informed him that he would not agree to any part of said statement. Counsel then left on the train. Other parts of the affidavit relate to matters occurring after the ten days had passed, and, as they do not affect the question of diligence, need not be stated.

To be entitled to the provisions of the act of March 8, 1887, it must be shown that due diligence has been used to secure the approval of the trial judge to the statement, and the filing of the same within the period prescribed; and that the failure to do these acts was not the fault of the party or his counsel, but was the result of *causes beyond his control.* (George v. The State, 25 Texas Ct. App., 229; Spencer v. The State, 25 Texas Ct. App., 585.)

Such diligence does not appear in this case, and hence we can not consider the statement of facts found in the record.

Counsel for defendant objected to certain evidence offered by the State and admitted by the court, tending to show that another person acted with defendant in the commission of the offense charged in the indictment, and in this court the counsel contends that, as defendant is charged under the first clause of article 722 of the Penal Code, as amended (General Laws, 1883, page 81), evidence that another acted together with defendant is inadmissible.

The statute reads: "Article 722. If any person by assault or violence, or by putting in fear of life or bodily injury, shall fraudulently take from the person or possession of another any property, with intent to appropriate the same to his own use, he shall be punished by confinement in the penitentiary for life or

for a term not less than five years; and when the offense is committed by two or more persons acting together, and a fire arm or other deadly weapon is used or exhibited by either of them in the commission of the offense, the person or persons so using or exhibiting the fire arm or other deadly weapon shall be punished by imprisonment in the penitentiary for life or for a term not less than five years."

If a party is alone charged with the commission of an offense, proof that another or others acted with him may or may not be admissible, this depending upon the rule of evidence. Such proof is never held inadmissible upon the ground that they were not jointly indicted. Also, if the indictment charges but one with the commission of an offense, and the penalty for such offense be greater when committed by more than one acting together, still, proof that more than one acting together committed the offense is competent, if relevant, etc., but in the last state of case the court must instruct the jury that they can only assess the lesser penalty.

Now, by reference to article 722, it will be seen that whether the robbery be effected by "assault," "violence," by "putting in fear of life or bodily injury," or whether the offense be committed by one or by several persons acting together, or whether fire arms or deadly weapons are used or exhibited, the penalty is the same. This being the case we hold that there was no reason requiring the court to call the attention of the jury to the penalty annexed to a robbery committed by an assault, violence, or putting in fear, because, if effected by any method named in the statute, the penalty is the same.

Under the facts of this case, proof that another acted with the accused was clearly admissible. Indeed, it would be a very remarkable state of case in which such proof would not be admissible.

Defendant objected to the introduction of State's witness C. J. Landers, said witness being placed on the stand after the close of testimony by both the State and the defense had been announced, and whose evidence was to corroborate a statement of State's witness Strickland. No part of said witness's testimony was in rebuttal of any statement of defendant's witnesses.

"The court shall allow testimony to be introduced at any time before the argument of a case is concluded, if it appears that it

is necessary to a due administration of justice." (Code Crim. Proc., art. 661.) This matter is confided to the discretion of the court, and its action will not be revised unless it plainly appears to have been abused. (Bittick v. The State, 40 Texas, 117; Goins v. The State, 41 Texas, 334; Moore v. The State, 7 Texas Ct. App., 14.)

We find no error in this judgment, and it is affirmed.

*Affirmed.*