### J. D. KUTCH v. THE STATE.

*No. 123. Decided May 24.*

1. **Change of Venue—Practice on Appeal—Bill of Exceptions.—**
In the absence of a bill of exceptions containing the evidence adduced in the trial
court, on a motion for change of venue, based upon prejudice, this court will
presume that the court below acted correctly in overruling the motion.

2. **New Trial—Improper and Prejudicial Statements to Jury.—**
Where, in his motion for new trial, defendant stated under oath as one of the
grounds, that the jury had been tampered with by two of the witnesses in the
case, who made prejudicial and unwarranted remarks about defendant in their
presence; and in the contest over said motion the affidavit of defendant was not
supported by evidence, and the sheriff and two of his deputies and eleven of the
jury all swore that nothing of the kind as alleged by defendant ever took place
in their presence or hearing: *Held*, that the motion based upon this ground was
properly overruled.

3. **Charge of Court — Conspiracy, Venue as to Prosecution for.**
Article 221 of the Code of Criminal Procedure declares, that the offense of con-
spiracy may be prosecuted in the county where the conspiracy was entered into,
or in the county where the same was agreed to be executed; and it was not error
for the court to so charge the jury.

4. **Charge of Court — Presumption as to Correctness of.—**In the
absence of a statement of facts, the appellate court can not say that the trial court
erred in giving a charge because of " the want of testimony authorizing it," but
is bound to presume that there was such testimony.

5. **Statement of Facts—Insufficient Diligence,—**See facts stated in
the opinion upon which it was *held*, there was not the slightest diligence mani-
fested in complying with the requirements of law to obtain a statement of facts
in the case.

APPEAL from the District Court of El Paso. Tried below before Hon.
T. A. FALVEY.

Appellant was indicted for a conspiracy with J. F. Bird, R. E. Vander-
griff, and J. L. Smith to rob the railroad train of the Texas & Pacific
Railway Company, and the Pacific Express car, attached to said train,
and at his trial was found guilty, and his punishment assessed at five
years confinement in the penitentiary.

There is no statement of facts in the case. The facts pertaining to the
effort of defendant and his counsel to obtain a statement of facts are fully
set out in the opinion of the court.

*J. M. Dean* and *Stanton & Turney*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—January 19, 1891, appellant was indicted in El Paso District Court upon a charge of conspiracy to rob, with three others. On May 5, 1892, he was placed on trial, and presented his motion for a change of venue on account of prejudice. This motion was contested by the State, and overruled by the court. There is no bill of exceptions bringing the evidence before us, and the presumption is that the court acted correctly in overruling it. Appellant then pleaded not guilty, and, after trial, was convicted, and his punishment assessed at five years in the penitentiary.

After conviction, appellant filed a motion for a new trial, based upon the following grounds, among others: That Chester Reeves and F. D. Brown, two witnesses in the case, talked to the jury empanelled in said cause, and said in their presence, that " defendant did not want good men to try his cause, but wanted to get away from El Paso, where he could get rascals to try his case;" and one of the jurors, not named, replied, that " defendant would not escape." No one swears to this fact but Kutch. In contest thereof the sheriff and two deputies swear that no such conversation took place, nor was an opportunity allowed for a conversation with any person or persons. Eleven of the panel, the twelfth being absent from the State, swear that no such conversation took place; that neither the two witnesses mentioned, nor any one else, ever stated any such thing in their presence, individually or as a jury, nor did they, nor any of them, ever hear evidence or comments, save from witnesses on the stand and the attorneys' argument thereon. The two witnesses were also shown to be absent beyond the State. The court did not err in overruling the motion based upon this ground.

Again, appellant moved for a new trial because the court charged the jury, that if they believed the defendant entered into the agreement to rob with the said parties in Jeff Davis County, but the agreement was to be carried out in El Paso County, then the venue in this case would be sustained. This is claimed to be error, because the indictment charged the conspiracy to have been made in El Paso County, and the proof that it was made in Jeff Davis County was a variance. There was no error. The code declares, that the offense of a conspiracy may be prosecuted in the county where the conspiracy was entered into, or in the county where it was agreed to be executed (Code of Criminal Procedure, article 221); that is to say, the venue of the conspiracy may be laid in El Paso County if the agreement was to be carried out in that county. There was no error in the charge. In the absence of a statement of facts, we can not say the court erred in giving this charge because of " the want of testi-

mony authorizing it," as stated by the motion for a new trial. We are bound to presume that there was such testimony, and that there was no error in overruling the motion for a new trial.

The important question in the case is presented in the motion to reverse this cause, because no statement of facts is filed, which appellant insists he was deprived of by the action of the trial judge and the district attorney, without laches on his part or his counsel. It appears that on the 7th day of May, 1892, appellant, his motion for a change of venue having been overruled, announced ready for trial, and was convicted, and on the 9th day of May filed his motion for a new trial; that he was fully represented by Messrs. Merchant & Teal and J. M. Dean, attorneys at law. It is further shown that immediately after his trial he employed M. W. Stanton, Esq., who on the 27th of June (the court adjourning on the 30th of June) filed an amended motion for a new trial, which was promptly contested by the district attorney, as above stated, and heard and overruled by the court on the 29th of June, 1892. An order for ten days was allowed in which to file the statement of facts. As stated in the affidavit of M. W. Stanton, he carried a statement of facts prepared, on the 5th day of July, to the office of the district attorney, O. A. Larrazolo, and at his suggestion left the same for examination and agreement, and on the following day returned to learn if it was correct, and found the district attorney absent, and to remain absent for several days; that he then asked the district judge to approve the statement, but he declined, in the absence of the district attorney, stating, that if the district attorney refused to agree or prepare a statement, he would approve the one already prepared, and certify the reason to this court. Nothing more seems to have been done. No statement was ever filed. The affiant, Stanton, states in his affidavit made March 29, 1893, that he did offer to agree on a statement after the ten days had expired. How long after is left to conjecture. The district judge who tried the cause says in his affidavit, that while he remembers M. W. Stanton called on him, he has no recollection of his presenting any statement of facts, or saying anything to him about the cause. The district attorney says in his affidavit, that to the best of his recollection no statement of facts was ever shown to him by Mr. Stanton; that the defendant could have filed a statement of facts at any time up to the making of the transcript, which was done eight months after adjournment, and he so informed defendant's counsel, and that he would agree to have the statement dated back to within the ten days after adjournment; that defendant's counsel could have found him at his office four or five days in every week, from June to July 31, 1892; that from the 30th day of June until the 3rd day of August, 1892, he was not out of El Paso County; that, when not in the city, he was at his home in San Elizario, on the railroad, and in easy communication, as the attorney for defendant well knew; that at his request the clerk. delayed making up

the transcript, and spoke to the attorneys about the statement of facts; that he understood the clerk to say that the attorneys for defendant desired to have the case decided on issues of law.

It is further stated in the affidavit of the district attorney, that the evidence of each and all the witnesses stated the defendant was found in bed and wounded the morning after the assault at Kent's Station, in El Paso County, within a mile and a half of the place of assault, conclusively proved to be in El Paso County. There is also the affidavit of the district clerk, stating that on repeated occasions previous to making up the transcript, he called on the attorney for the defendant and requested a statement of the facts, but was informed that he did not have it completed, as he was too busy, and finally ordered affiant to prepare said transcript without a statement, stating.he did not care to have a statement. We are certainly unable to see the slightest merit in the contention of appellant, that he has been deprived of a statement of facts. It would seem the State was rather more willing to have a statement of the facts than appellant. There is not the slightest diligence manifested in this case in complying with the requirements of law. The fact that this case was heard on the 7th of May, and nothing further done, and no steps taken, except filing a motion for a new trial, until June 27, certainly does not bear out the affidavit of appellant that his attorneys were at all times diligent and faithful. There is no statement of facts sent up in the record, nor does it appear that the attorneys desired it to be done, as required by article 1379a, Revised Civil Statutes, and we certainly see no reason to reverse the cause because it is not here. Bell's case, 31 Texas Cr. Rep., 521.

The judgment is affirmed.

*Affirmed.*

HURT, P. J., concurs. DAVIDSON, J., absent.