## JOE BLACKSHIRE v. THE STATE.

*No. 390.    Decided March 28.*

1. **Statement of Facts—Order for Filing After Adjournment—Practice.—** The order allowing ten days' time for filing the statement of facts after adjournment of court must be entered of record, and a statement of facts filed after adjournment can not be considered on appeal in the absence of such record entry, even though the judge certified that he ordered it to be filed in accordance with an order made in the case to that effect.

2. **Continuance—Bill of Exceptions—Practice on Appeal.—**The action of the trial court refusing a continuance will not be revised on appeal in the absence of a bill of exceptions reserved to said action.

3. **Newly Discovered Evidence—New Trial.—**In the absence of a statement of facts, the court, on appeal, can not consider whether or not the trial court erred in overruling a motion for new trial on account of newly discovered testimony.

APPEAL from the District Court of Fort Bend. Tried below before Hon. T. S. REESE.

Appellant was indicted for the murder of one Link Shelton. At his trial he was convicted of murder of the second degree, the punishment being affixed at a term of five years in the penitentiary.

The statement of facts was made up and filed after adjournment of the court for the term, but no order was entered of record in the minutes of the court allowing this to be done. The statement is indorsed by the judge, as follows: "Approved as a true statement of facts in evidence in the above entitled cause, and ordered to be filed as such in accordance with an order made in the case authorizing the statement of facts to be made up and filed in ten days after adjournment. Witness my hand this October 28, 1893. T. S. REESE, Judge Twenty-third Judicial District."

There is no bill of exceptions in the record.

No briefs on file.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of murder in the second degree, and given a term of five years in the penitentiary. The statement of facts was filed after adjournment of the term of court. The judge in approving same certifies that he ordered it "to be filed as such, in accordance with an order made in the case authorizing the statement of facts to be made up and filed in ten days after adjournment," but no such order is to be found in the record.

Article 1379, Revised Statutes, provides that "the court may, by an order entered upon the record during the term, authorize the statement of facts to be made up, and signed, and filed in vacation, at any time not exceeding ten days after adjournment of the term." The rules in regard to making up, certifying, and placing in the record a statement of facts are the same in criminal as in civil causes, by express enactment of the Legislature. Code Crim. Proc., art. 784; Ratcliff v. The State, 29 Texas Crim. App., 248. Construing article 1379, supra, our Supreme Court hold the order allowing time after adjournment of court must be entered of record, and that statements of fact filed after such adjournment can not be considered on appeal in the absence of such entry. It is a prerequisite to a consideration of such statement on appeal. McGuire v. Newbill, 58 Texas, 314; Ross v. McGowen, Id., 603; Railway v. McAllister, 59 Texas, 362; Trewitt v. Blundell, Id., 253; Lockett v. Schurenberg, 60 Texas, 610.

The action of the court refusing the application for continuance will not be revised, because the appellant failed to reserve his bill of exceptions to such ruling. Willson's Crim. Stats., sec. 2187. In the

absence of the evidence, we can not say the court erred in refusing the motion for new trial on account of alleged newly discovered testimony. If newly discovered, it may not have been material, or the guilt of appellant may have been clearly proved on the trial. We are unable to revise the question as presented by the record. The matters urged for reversal, without bills of exception and statement of facts, do not show that error was committed on the trial.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.