THIRSTY DAVIS v. THE STATE.

No. 1866. Decided November 30, 1898.

**1. Statement of Facts Not Filed in Time.**

A statement of facts not filed within ten days after the adjournment of court, under an order allowing ten days for filing, will not be considered, unless good excuse for the delay is shown. See opinion for facts stated in the affidavit which are held not to show a sufficient excuse.

**2. Plea of Former Conviction.**

On a trial for assault with intent to murder, defendant pleaded former conviction before a justice of the peace for the same transaction upon a complaint charging him with simple assault. Held, the Code of Criminal Procedure, article 590, provides that "the former judgment of acquittal or conviction in a court of competent jurisdiction shall be a bar to a prosecution for the same offense, but shall not bar a prosecution for any higher grade of offense over which said court had no jurisdiction, unless such trial and judgment were had upon indictment or information; in such case the prosecution shall be barred for all grades of offenses. Held, the prosecution before the jsutice being by complaint, this statute applied and rendered the plea nugatory.

**3. New Trial—When Defendant Is Under Sixteen Years of Age.**

The fact that defendant was under 16 years of age, and did not know that he could have been sent to the reformatory, affords no ground for a new trial.

**4. Same—Newly Discovered Evidence—Absence of Statement of Facts.**

In the absence of a statement of facts, the court on appeal can not tell what effect newly discovered evidence, set forth in a motion for new trial, may have, and the same will not be considered.

**5. Same—Instructions.**

In the absence of a statement of facts, the court on appeal can not tell whether a special requested instruction was necessary and should have been given.

APPEAL from the Criminal District Court of Harris.  Tried below before Hon. E. D. CAVIN.

Appeal from a conviction for assault with intent to murder; penalty, four years imprisonment in the penitentiary.

The indictment charged appellant with an assault with intent to murder one H. A. Dellery, on the 8th day of April, 1898.

The purported statement of facts as found in the record was not considered on this appeal because not filed in time, and no good excuse shown for the delay.

*J. B. Brockman,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of an assault with intent to murder, and his punishment assessed at confinement in the penitentiary for a term of four years; hence this appeal.

What purports to be a statement of facts was filed on the 14th of July, —court having adjourned on the preceding 2d of July,—being more than ten days after the adjournment of court. Appellant, by an affidavit, seeks to excuse his laches in filing the same before the expiration of the ten days. We have examined said affidavit carefully, and do not think that same excuses the delay. The motion for new trial was overruled on the 28th of June, and Attorney Brockman was his attorney at that time, although others may have been representing him previous to that. He says the attorney who tried the case was a candidate for county judge, and he had some difficulty in getting an interview with him as to the facts, but that he had a statement of facts ready on the 7th of July. It seems from his statement that he was unable to find the district attorney, although he says he was in Houston until the 11th of July. But he did not succeed in getting a statement from him. His own statement, as prepared, was forwarded by mail to the judge at Galveston on the 11th. According to the judge's certificate, it was not received by him until the 12th of July, the last day in which it was authorized to be filed in the court at Houston. A statement was made out by the judge, and returned to Houston by mail on the 13th of July, but was not received and filed by the district clerk of Harris County until the 14th. The statement of facts in this case is by no means lengthy, covering only three pages of the transcript. Only four witnesses were examined, and their testimony is short; and it does occur to us that ordinary diligence would have secured the statement of facts, and had it filed within the ten days allowed by law. At least the statement here made does not excuse the delay in a satisfactory manner. If we hold this statement of facts should be considered, although filed after the time, hereafter the precedent would have to be followed; and the rule requiring statement of facts to be filed within ten days would have no efficacy. Almost any ex-

cuse would authorize it being set aside. We hold that the purported statement of facts can not be considered. Bryant v. State, 35 Texas Crim. Rep., 394.

Appellant filed a plea of former conviction, setting up that he had been previously convicted of the same transaction before the justice of the peace on a complaint, which charged him with a simple assault. The plea was accompanied by exhibits, and is regular in form. The court refused to instruct the jury with reference to his plea, and ignored it entirely. The judge's explanation to the bill of exceptions shows that the court maintained, if defendant was guilty of any offense, it was of an assault with intent to murder, and certainly not less than aggravated assault, and that, therefore, his plea of former conviction on a complaint for a simple assault was not good. In this action of the court we do not believe there was any error. As certified by the court in the bill of exceptions, the testimony showed that, if this was an offense at all, it was of a higher grade than simple assault. Article 590, Code of Criminal Procedure, provides: "The former judgment of acquittal or conviction in a court of competent jurisdiction shall be a bar to a prosecution for the same offense, but shall not bar a prosecution for any higher grade of offense over which said court had no jurisdiction; unless such trial and judgment were had upon indictment and information, in such case the the prosecution shall be barred for all grades of offense." The prosecution before the justice being under a complaint, this statute applied, and rendered the plea nugatory; and the court did not err in treating it as of no effect.

What we have said above applies to appellant's second bill of exceptions, which relates to the offer of appellant to prove the allegations of his plea by the witness Dellery, and the refusal of the court to permit such proof.

There was nothing in appellant's application for a new trial on the ground that he was under 16 years of age at the time, and did not know that the law provided that he could be sent to the reformatory. His counsel should have informed him of his legal rights in this respect.

As to the ground of the application for a new trial based on the newly discovered evidence of one Dixon, which he alleges will show that the prosecutor, Dellery, first attacked him, we have this to say: In the absence of a statement of facts, we are unable to tell what effect said newly discovered evidence may have. The testimony in the case may have rendered the evidence of said absent witness absolutely immaterial and unimportant.

Appellant complains of the charge of the court, because, he says, it did not sufficiently inform the jury of appellant's right not to be put off the car while in motion by the prosecutor, Dellery. In the absence of a statement of facts, we can not tell what occurred at that time, or whether a special charge on that subject requested by appellant was necessary. The court gave a charge which would appear to cover that phase

of the case. This was the court's charge on self-defense. We find no error in the record, and the judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.