MRS. CARRIE TUCKER v. THE STATE.

No. 1079.   Decided April 5, 1911.

Carrying Pistol—Final Judgment—Nunc Pro Tunc.

Where no final judgment had been entered at the term of court during which the conviction was had, and an appeal had been taken, a judgment nunc pro tunc could not be entered after said term and made a part of the record in the Appellate Court.

Appeal from the County Court of Limestone.   Tried below before the Hon. W. A. Keeling.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—This is a case for unlawfully carrying a pistol. The record clearly shows, and the attorney for the appellant when the cause was submitted to this court orally conceded, that no final judgment had been entered in the case when the case was appealed, and that it had to be dismissed by this court.

Article 837 of the Code of Criminal Procedure provides: "Where, from any cause whatever, there is a failure to enter judgment and pronounce sentence upon conviction during the term, the judgment may be entered and sentence pronounced at any succeeding term of the court, unless a new trial has been granted, or the judgment arrested, or an appeal has been taken." This court has uniformly held that where no final judgment had been entered at the term of conviction, and an appeal had been taken, that a judgment nunc pro tunc could not thereafter be entered and that made a part of the record in this court so as to correct the failure to enter the judgment at the term of trial.   Estes v. State, 38 Texas Crim. Rep., 506.   Other cases might be cited, but we deem it unnecessary.

This case is therefore ordered dismissed.

*Dismissed.*