There being no reversible error pointed out, the judgment is affirmed.

---

## CHANEY v. STATE.

(Court of Criminal Appeals of Texas. April 12, 1911.)

CRIMINAL LAW (§§ 1092, 1099*)—APPEAL—STATEMENT OF FACTS — BILLS OF EXCEPTIONS—FILING—TIME.

Laws 1st Called Sess. 1907, c. 7, providing that statements of facts and bills of exceptions must be filed within 20 days after the close of the term at which accused was convicted, applies to all appeals from the county court, so that a statement and bills filed on January 21, 1911, after the adjournment of the term at which accused was convicted on November 28, 1910, was too late.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2847, 2876; Dec. Dig. §§ 1092, 1099.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Appeal from Glasscock County Court; G. L. Bogard, Judge.

W. E. Chaney was convicted of an offense, and he appeals. Affirmed.

. S. H. Morrison, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. The court adjourned on November 28, 1910. The statement of facts and bills of exceptions were filed on January 21, 1911. The motion of the Assistant Attorney General to strike out these papers is well taken, and must be sustained. Statements of facts and bills of exception in cases appealed from the county court must be governed by the act of 1907 (Laws 1st ·Called Sess. 1907, c. 7), which allows only 20 days for filing same after the close of the term. As the record presents the appeal, there is no reversible matter.

The judgment is affirmed.