### ERNEST GRIFFIN v. THE STATE.

No. 1129.   Decided April 19, 1911.

**1.—Local Option—Statement of Facts—County Court.**

Where, upon appeal from a conviction of a violation of the local option law in the County Court, the statement of facts was not filed within the time provided by law in the court below, the same was stricken out on motion of the State.

**2.—Same—Practice on Appeal—Presumption.**

In the absence of a statement of facts, this court will presume that the law and all the law applicable to the facts in evidence was properly submitted.

Appeal from the County Court of Johnson. Tried below before the Hon. J. B. Haynes.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and thirty days confinement in the county jail.

The record showed that the trial court adjourned on November 5, 1910, and that the statement of facts was filed by the clerk of the trial court on December 5, 1910.

*Phillips & Bledsoe,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted under complaint and information for violating the local option law in Johnson County, Texas. Upon a trial he was convicted, and has appealed to this court.

The Assistant Attorney-General has moved to strike out the statement of facts because not filed within the time provided by law. Under the decisions of this court the motion is well taken, and is hereby sustained. Misso v. State, and other cases decided at the present term of this court.

There are no bills of exception in the record, and in the absence of a statement of facts there is nothing to review. The information charges an offense under the law. The charge of the court submits this offense to the jury, and in the absence of a statement of facts this court presumes that the law and all the law applicable to the facts in evidence was properly submitted. The judgment is affirmed.

*Affirmed.*