### Jake Looper v. The State.

#### No. 1127. Decided April 19, 1911.

**1.—Local Option—Statement of Facts—County Court.**

Statements of fact in the County Court, where there is no stenographer, must either be filed in term time or not later than twenty days after adjournment if the court grants an order giving that time; and no longer time than twenty days after adjournment of the County Court can be granted.

**2.—Same—Statement of Facts Must be Copied in Record.**

Statement of facts in the County Court must be copied in the record duly certified, and the originals cannot be sent up as is the case in felony cases.

**3.—Same—Charge of Court—Law in Force—Contest.**

Even before, but especially ever since the Act of the Legislature requiring contests of prohibition elections to be filed within a certain time after the passage of said law, it has been held by this court that the trial court must charge that the local option law is in force when the evidence shows this.

Appeal from the County Court of Johnson. Tried below before the Hon. J. B. Haynes.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Phillips & Bledsoe,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—By complaint and information defendant was charged with selling intoxicating liquors to W. A. Webb. on or about July 1, 1910, after prohibition had been carried in Johnson County, and all of the proper orders, publications, etc., had been made. The case was tried September 14, 1910, the defendant found guilty, and his penalty fixed at a fine of $25 and twenty days imprisonment in the county jail.

The court at which the trial was had adjourned on November 5, 1910. There was an order entered by the court allowing thirty days

after adjournment in which to file statement of facts and bills of exception. The statement of facts was filed December 5, 1910. There are no bills of exception in the record.

The Assistant Attorney-General has made a motion to strike out the statement of facts on two grounds, first, because not incorporated in the record and certified to by the clerk as is required in county court misdemeanor cases where there is no court stenographer; second, because the statement of facts was not filed within twenty days after the adjournment of court.

It has uniformly been held by this court that statements of facts in County Court misdemeanor cases, where there is no court stenographer, must either be filed in term time or not later than twenty days after adjournment, when the court grants an order giving that time after adjournment in which to file same, and that the County Court has no power or authority to grant longer than twenty days after adjournment to file statements of facts. It has also uniformly been held that statement of facts in County Court cases must be copied into the record by the clerk and certified to by him instead of the original statement of facts being sent up, as is the case in felony cases from the District Court where the court has a regular court stenographer. The motion of the Assistant Attorney-General is therefore sustained on both grounds, and what purports to be a statement of facts found with the papers in this case is therefore stricken out and will not be considered.

The other ground complained of by the motion for new trial is that the court erred in charging the jury that the sale of intoxicating liquors is now and has been since March 19, 1904, prohibited by law in Johnson County, Texas. Even before, but especially ever since the Act of the Legislature requiring contests of prohibition elections to be filed within a certain time after the passage of the law, it has been the uniform holding of this court that it is the duty of the trial court to charge the jury that the law is in force, when the evidence introduced shows the proper orders of election, carrying prohibition, putting it in force, publication, etc. So that there was no error on the part of the trial court charging the jury that the law was in force in Johnson County at the time of the trial and the alleged commission of the offense.

The other questions attempted to be raised are not shown by bills of exception and can not be considered by this court because of the absence of a statement of facts.

There being no error in the record, the judgment is affirmed.

*Affirmed.*