## N. G. Farrell v. The State.

### No. 1208. Decided December 20, 1911.

**1.—Keeping Disorderly House—Statement of Facts.**

In misdemeanor cases, in the County Court, the statement of facts must be incorporated in the transcript on appeal.

**2.—Same—Indictment—Precedent.**

Where, in a prosecution for keeping a disorderly house, the indictment followed approved precedent, the same was sufficient. Following Wimberly v. State, 53 Texas Crim. Rep., 11.

**3.—Same—Indictment—Description of Location.**

Where the indictment charged the commission of the offense of keeping a disorderly house in the county of the prosecution, the location was sufficiently described; nor was it necessary to allege that the defendant knowingly permitted the offense.

**4.—Same—Practice on Appeal—Certiorari.**

After a case had been submitted in the Appellate Court and the decision rendered, a motion for a writ of certiorari to perfect the record as to the statement of facts comes too late on motion for rehearing, where the appellant had actual notice of such defect before the time of submission; besides, there was no reversible error.

Appeal from the County Court of Wichita. Tried below before the Hon. M. F. Yeager.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*Brooks & Brooks* and *T. R. Boone,* for appellant.—Upon question of statement of facts and transcript: Rust v. State, 14 Texas Crim. App., 19; Nunn v. State, 40 Texas Crim. Rep., 436, and authorities stated in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—On July 7, 1910, the grand jury of Wichita County indicted appellant, charging, after the formal part, that on or about July 1, 1910, in Wichita County, appellant "was then

and there the lessee and tenant of a certain house then and there situated, which said house he did then and there unlawfully keep and was concerned in keeping as a house for the purpose of prostitution and where prostitutes were permitted to resort and reside for the purpose of plying their vocation," then concluding as the statute requires. The case was tried October 12, 1910, before a jury, and appellant was convicted with a penalty of $200 fine, and twenty days confinement in the county jail.

There is no statement of facts at all in the record. There is, however, a separate paper filed in this court which purports to be the original of a statement of facts. Portions of it are erased and many interlineations are made therein. We have too often held to need citation of cases that the statute requires the statement of facts in County Court misdemeanor cases to be properly filed within the time and made a part of the record as certified to by the clerk, and that the stenographers' Act for felony cases requiring statements of facts, where the court has a stenographer, to be made up by him in duplicate and certified, the original sent up instead of having it copied in the record and the duplicate kept on file in the lower court, does not apply. Therefore, we can not and do not consider the separate paper filed here purporting to be a statement of facts.

Without a statement of facts we can not consider any of the appellant's claimed errors which are to the charge of the court on various phases of the evidence and special charges requested which were refused, on various phases of the evidence, and some bills of exception, as none of them can be considered properly without a statement of facts.

However, the appellant made a motion to quash the indictment which is presented properly and it is necessary for us to pass upon this motion. The grounds of it are: (1) That the indictment does not charge the defendant with keeping a bawdy house in that it does not allege that the house was a bawdy house; (2) that it alleges that the defendant was a lessee and tenant of said house and does not allege that he knowingly permitted the keeping of said bawdy house, and (3) because the indictment has two file numbers, one 2003 and the other 1143, and it is not shown with sufficient certainty that the said indictment was presented by a grand jury of Wichita County, Texas, and the indictment fails to state that the house was situated in Wichita County, Texas, and does not describe the house alleged to be a bawdy house.

The indictment follows, substantially, if not literally, the form for such an indictment laid down in White's Penal Code, section 564, which has been specifically held by this court to be good in Schultz v. State, 56 S. W. Rep., 918; Wimberly v. State, 53 Texas Crim. Rep., 11.

The indictment clearly alleges that the appellant was the lessee and tenant of the house which was kept by him as charged in the indictment under the statute, Penal Code, arts. 361 and 359, as amended by the Act of 1907. That itself is made an offense and it was unnec-

cessary to allege that he knowingly permitted the keeping of said bawdy house.

The record clearly shows that the indictment was presented by the grand jury of Wichita County in the District Court thereof and that the number in the District Court was 1143; that it was transferred to the County Court and the number therein was 2003. The indictment specifically charges that the house which was unlawfully kept by appellant was in Wichita County, Texas. It was unnecessary to give any further description of the location thereof.

The indictment was not subject to any of the grounds of appellant's motion to quash it.

There being no reversible error pointed out, the judgment will be affirmed.

*Affirmed.*

Davidson, Presiding Judge, absent.

### ON REHEARING.

#### December 20, 1911.

PRENDERGAST, JUDGE.—This cause was submitted May 17, 1911. On account of the large number of cases for decision, this court could not reach and decide this case until the original opinion was delivered herein, October 18, 1911. At the time of its submission, one of appellant's attorneys appeared and ably orally argued the case, having the record before him and the court at the time. Of course, at that time the appellant, through his attorneys, if he did not know it before, knew the condition of the record and knew that what purported to be the original statement of facts, had not been copied nor certified in the record by the clerk of the court below, but that what purported to be the original statement of facts was filed in this court. This being the case, it is too late, after the submission of the case and the decision of it by this court for the appellant to then undertake to complete the record, by then applying for a writ of certiorari, of which he had actual and full notice before and at the time of its submission. See Tucker v. State, 62 Texas Crim. Rep., 46, this day decided, and rule 2 of this court, 31 Texas Crim. Rep., 652; 102 Texas, p. xxxvi; 102 Texas, rules 8 and 11, pp. xxvi and xxvii.

There might be an extreme case where this court might permit the record to be completed at so late a date, but this case does not present such a case and we are the more satisfied with refusing the motion for rehearing and certiorari in this case, because we have gone over what purports to be the statement of facts in connection with the assigned errors by appellant, and are satisfied that no reversible error is shown and that the judgment of the lower court was correct and right.

The appellant's motions for rehearing and certiorari will, therefore, be overruled.

*Overruled.*