## J. C. GUILL v. THE STATE.

### No. 1277. Decided January 24, 1912.

### Rehearing Denied April 24, 1912.

**1.—Aggravated Assault—Statement of Facts—Bill of Exceptions.**

In appeals in misdemeanor cases from the County Court, the statement of facts and bills of exception must be filed within twenty days after adjournment, and no longer time can be extended; and the statement of facts must be copied in the transcript. Following Mosher v. State, 62 Texas Crim. Rep., 42, and other cases.

**2.—Same—Filing Back.**

A statement of facts which has been signed by the attorneys and approved by the court, but which is filed back and, in fact, filed after the expiration of twenty days after adjournment of the County Court, can not be considered on appeal. Following Henderson v. State, 20 Texas Crim. App., 304, and other cases.

**3.—Same—Practice on Appeal.**

In the absence of a statement of facts, bills of exception to the evidence can not be considered, and it must be presumed that the charge of the court applies to a state of facts that could have been proved under the information.

**4.—Same—Practice on Appeal.**

The rules laid down by the Appellate Court with reference to the filing of statement of facts and bills of exception must be adhered to.

**5.—Same—Practice on Appeal.**

In the absence of a statement of facts in misdemeanor cases, exceptions to refused charges, the admission and excluding of evidence, etc., can not be considered on appeal.

Appeal from the County Court of Panola. Tried below before the Hon. W. R. Anderson.

Appeal from a conviction of aggravated assault; penalty, a fine of $50.

The opinion states the case.

*Brooke & Woolworth,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—By correct complaint and information appellant was prosecuted, tried and convicted for an aggravated assault and fined $50.

The court at which he was tried convened on February 6, and adjourned February 25, 1911.

There is no statement of facts in the record. This was a misdemeanor case prosecuted and tried in the County Court. There is with the file in this court a separate document which purports to be a statement of facts. It is not copied nor certified in the record. The court below allowed thirty days after adjournment to file a statement of facts and bills of exceptions. Under the law only twenty days could be allowed. This purported statement of facts appears not to have been filed in the lower court until March 18, 1911, which was more than twenty days after adjournment. There are, in the record, what purport to be several bills of exceptions. Neither of them shows to have been filed in the lower court. Under this state of facts none of these matters can be considered. None of the questions attempted to be raised can be considered without a statement of facts. And none of the bills of exception could be considered even if filed in the lower court, and within time without a statement of facts. Misso v. State, 61 Texas Crim. Rep., 241, 135 S. W., 1173; Blackshire v. State, 33 Texas Crim. Rep., 160; Dement v. State, 39 Texas Crim. Rep., 276; Williams v. State, 35 Texas Crim. Rep., 391; Irby v. State, 34 Texas Crim. Rep., 283; Mosher v. State, 62 Texas Crim. Rep., 42, 136 S. W. Rep., 467; Griffin v. State, 62 Texas Crim. Rep., 98, 136 S. W. Rep., 778; Moore v. State, 62 Texas Crim. Rep., 119, 136 S. W. Rep., 1067; Gentry v. State, 62 Texas Crim. Rep., 497, 137 S. W. Rep., 696; Barfield v. State, 62 Texas Crim. Rep., 400, 137 S. W. Rep., 920; Chaney v. State, 62 Texas Crim. Rep., 67, 136 S. W. Rep., 482; Looper v. State, 62 Texas Crim. Rep., 96, 136 S. W. Rep., 791; Farrell v. State, 64 Texas Crim. Aep., 200, 141 S. W. Rep., 535.

The court gave a correct and apt charge on a state of facts that clearly could have been proven under the complaint and information. The judgment will therefore be affirmed.

*Affirmed.*

ON REHEARING.

April 24, 1912.

PRENDERGAST, Judge.—At a former day of this term this cause was affirmed, as shown by the opinion then rendered.

Thereafter appellant made such a clear showing as to entitle him to a certiorari to perfect the record, which was done. It now appears that the bills of exceptions which the first record showed had not been

filed at all, were actually filed and in term time. A properly certified copy of the statement of facts now appears instead of the original, as was the case before. However, the statement of facts shows clearly that it was agreed to and signed by the attorneys for the State and the appellant, approved by the judge and filed in the court below by the clerk, all after the expiration of the twenty days allowed by law therefor. There is no such showing made as would authorize this court to consider it, being so prepared, approved, signed and filed after the expiration of twenty days. Henderson v. State, 20 Texas Crim. App., 304; Turner v. State, 22 Texas Crim. App., 42, 2 S. W. Rep., 619; George v. State, 25 Texas Crim. App., 229-242, 8 S. W. Rep., 25; Spencer v. State, 25 Texas Crim. App., 585, 8 S. W. Rep., 648; Farris v. State, 26 Texas Crim. App., 105, 9 S. W. Rep., 487; Suit v. State, 30 Texas Crim. App., 319, 17 S. W. Rep., 458; Hess v. State, 30 Texas Crim. App., 477, 17 S. W. Rep., 1099; Aistrop v. State, 31 Texas Crim. Rep., 467, 20 S. W. Rep., 989; Bell v. State, 31 Texas Crim. Rep., 521, 21 S. W. Rep., 259; Kutch v. State, 32 Texas Crim. Rep., 184, 22 S. W. Rep., 594; Hutchins v. State, 33 Texas Crim. Rep., 298; 26 S. W. Rep., 399; Bryant v. State, 35 Texas Crim. Rep., 394, 33 S. W. Rep., 978, 36 S. W. Rep., 79; Childress v. State, 36 Texas Crim. Rep., 128, 35 S. W. Rep., 980; Davis v. State, 24 S. W. Rep., 651; Ranirez v. State, 40 S. W. Rep., 278; Seidel v. State, 41 S. W. Rep., 607; Davis v. State, 47 S. W. Rep., 978; Dennis v. State, 53 S. W. Rep., 111; Bailey v. State, 53 S. W. Rep., 117. We might cite many other cases to the same effect but we deem it unnecessary. We regret that in some instances adhering to the rules laid down and long established by these and many other cases, works a hardship on the appellants. However, we feel constrained to follow these decisions. If we should do otherwise there would be no established rule applicable alike to all persons, but instead this court would be put in the attitude of showing favoritism.

Especially in misdemeanor cases it has so long been the uniform holding of this court that it can not and will not review complaints of the action of the lower court in overruling motions for continuances, special charges requested, objections to the charge of the court, exceptions to the admission or exclusion of evidence, and such like matters, without a statement of facts, that it is unnecessary to cite any cases on that subject. None of the questions raised in this cause can, therefore, be considered without a statement of the facts. The motion will, therefore, be overruled.

*Overruled.*