contradicted the girl emphatically in every particular. . The girl's testimony was equally as emphatic, as emphatic as her testimony could make it, that the appellant did assault her. Of course, it is not the province of this court to solve those questions. There was an issue sharply drawn, clearly and forcefully, by the witnesses on the conflicting sides. The jury believed the girl's testimony, and convicted. It will be remembered that under our Code of Criminal Procedure and jurisprudence it is peculiarly the province of the jury to weigh the testimony, pass on its credibility, and reach their conclusion. This is not a case where there was a failure of testimony, but it is a case where the conflict is irreconcilable; therefore, a case peculiarly within the province of the jury to settle. This court did not see and hear the witnesses. The jury in the trial of the case did. The state's case is sufficiently supported by the evidence of the girl. The jury believed her. We cannot disturb the verdict on that ground.

The judgment will therefore be affirmed.

---

GUILL v. STATE.

(Court of Criminal Appeals of Texas. Jan. 24, 1912. On Motion for Rehearing, April 24, 1912.)

1. CRIMINAL LAW (§ 1099*)—APPEAL—STATEMENT OF FACTS—NECESSITY.

Where there is no statement of facts in the record on appeal, in a misdemeanor case prosecuted in the county court, but only a document which purports to be a statement of facts, but which is not copied nor certified in the record, it cannot be considered.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2862, 2864, 2926, 2934, 2938, 2939, 2941, 2942, 2947; Dec. Dig. § 1099.*]

2. CRIMINAL LAW (§ 1087*)—APPEAL—RECORD—CONTENTS—FILING OF BILL OF EXCEPTIONS.

Where the record does not show the filing of the bill of exceptions in the lower court, the bill cannot be considered.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2770–2781; 2794; Dec. Dig. § 1087.*]

On Motion for Rehearing.

3. CRIMINAL LAW (§ 1099*)—APPEAL—STATEMENT OF FACTS—TIME FOR FILING.

A statement of facts in the record on appeal in a misdemeanor case prosecuted in the county court, which shows that it was agreed to and signed by the attorney for the state and the defendant, approved by the judge, and filed, all after the expiration of the 20 days allowed by law therefor, though within the limits of time granted by the court, does not authorize the court to consider it.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2866–2880; Dec. Dig. § 1099.*]

Appeal from Panola County Court; W. R. Anderson, Judge.

J. C. Guill was convicted of aggravated assault, and he appeals. Affirmed, and motion for rehearing overruled.

Brooke & Woolworth, of Carthage, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. By correct complaint and information appellant was prosecuted, tried, and convicted for an aggravated assault and fined $50. The court at which he was tried convened on February 6, and adjourned February 25, 1911.

[1] There is no statement of facts in the record. This was a misdemeanor case prosecuted and tried in the county court. There is with the file in this court a separate document which purports to be a statement of facts. It is not copied nor certified in the record. The court below allowed 30 days after adjournment to file a statement of facts and bills of exceptions. Under the law only 20 days could be allowed. This purported statement of facts appears not to have been filed in the lower court until March 18, 1911, which was more than 20 days after adjournment.

[2] There are in the record what purport to be several bills of exceptions. Neither of them shows to have been filed in the lower court. Under this state of facts, none of these matters can be considered. None of the questions attempted to be raised can be considered without a statement of facts. And none of the bills of exceptions could be considered, even if filed in the lower court, and within time, without a statement of facts. Misso v. State, 135 S. W. 1173; Blackshire v. State, 33 Tex. Cr. R. 160, 25 S. W. 771; Dement v. State, 39 Tex. Cr. R. 276, 45 S. W. 917; Williams v. State, 35 Tex. Cr. R. 391, 33 S. W. 1080; Irby v. State, 34 Tex. Cr. R. 283, 30 S. W. 221; Mosher v. State, 136 S. W. 467; Griffin v. State, 136 S. W. 778; Moore v. State, 136 S. W. 1067; Gentry v. State, 137 S. W. 696; Barfield v. State, 137 S. W. 920; Chaney v. State, 136 S. W. 482; Looper v. State, 136 S. W. 792; Farrell v. State, 141 S. W. 535.

The court gave a correct and apt charge on a state of facts that clearly could have been proven under .the complaint and information. The judgment will therefore be affirmed.

On Motion for Rehearing.

At a former day of this term this cause was affirmed, as shown by the opinion then rendered.

[3] Thereafter appellant made such a clear showing as to entitle him to a certiorari to perfect the record, which was done. It now appears that the bills of exceptions which the first record showed had not been filed at all were actually filed and in term time. A properly certified copy of the statement of facts now appears instead of the original, as was the case before. However, the statement of facts shows clearly that it was agreed to and signed by the attorneys for the state and the appellant, approved by the

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

judge, and filed in the court below by the clerk, all after the expiration of the 20 days allowed by law therefor. There is no such showing made as would authorize this court to consider it, being so prepared, approved, signed, and filed after the expiration of 20 days. Henderson v. State, 20 Tex. App. 304; Turner v. State, 22 Tex. App. 42, 2 S. W. 619; George v. State, 25 Tex. App. 229–242, 8 S. W. 25; Spencer v. State, 25 Tex. App. 585, 8 S. W. 648; Farris v. State, 26 Tex. App. 105–107, 9 S. W. 487; Suit v. State, 30 Tex. App. 319–320, 17 S. W. 458; Hess v. State, 30 Tex. App. 477–479, 17 S. W. 1099; Aistrop v. State, 31 Tex. Cr. R. 467, 20 S. W. 989; Bell v. State, 31 Tex. Cr. R. 521, 21 S. W. 259; Kutch v. State, 32 Tex. Cr. R. 184–186, 22 S. W. 594; Hutchins v. State, 33 Tex. Cr. R. 298–299, 26 S. W. 399; Bryant v. State, 35 Tex. Cr. R. 394–400, 33 S. W. 978, 36 S. W. 79; Childers v. State, 36 Tex. Cr. R. 128, 35 S. W. 980; Davis v. State, 24 S. W. 651; Ranirez v. State, 40 S. W. 278; Seidel v. State, 41 S. W. 607; Davis v. State, 39 Tex. Cr. R. 681, 47 S. W. 978; Dennis v. State, 41 Tex. Cr. R. 160, 53 S. W. 111; Bailey v. State, 53 S. W. 117. We might cite many other cases to the same effect, but we deem it unnecessary. We regret that in some instances adhering to the rules laid down and long established by these and many other cases works a hardship on the appellants. However, we feel constrained to follow these decisions. If we should do otherwise, there would be no established rule applicable alike to all persons, but, instead, this court would be put in the attitude of showing favoritism.

Especially in misdemeanor cases it has so long been the uniform holding of this court that it cannot and will not review complaints of the action of the lower court in overruling motions for continuances, special charges requested, objections to the charge of the court, exceptions to the admission or exclusion of evidence, and such like matters, without a statement of facts, that it is unnecessary to cite any cases on that subject. None of the questions raised in this case can therefore be considered without a statement of the facts.

The motion will therefore be overruled.