STEVE HOPSON v. THE STATE.

No. 5284.   Decided February 19, 1919.

**1.—Aggravated Assault—Statement of Facts—Practice on Appeal.**

This court can not consider what purports to be a statement of facts filed in a separate document, and brought to this court in that condition.   This being a misdemeanor case.   Following Carney v. State, 63 Texas Crim. Rep., 370, and other cases.

**2.—Same—Charge of Court—Intent to Injure**

Where, upon trial of aggravated assault, the court charged on the intent to injure in his definition of an assault, a complaint on that ground is untenable.

**3.—Same—Charge of Court—Sense of Shame.**

In the absence of a statement of facts there was no error in the court's failure to instruct the jury on the question of a sense of shame created in the mind of the prosecutrix; besides, there is nothing in the statute which requires this.

**4.—Same—Charge of Court—Adult Male—Female.**

Upon trial of aggravated assault by an adult male upon a female, the court may assume in his charge, unless the evidence controverts the issue, that the defendant is an adult male and the prosecutrix a female.

**5.—Same—Simple Assault—Charge of Court—Adult.**

The proposition that the evidence shows that the prosecutrix is not an adult, and would therefore reduce the offense to simple assault is untenable.

6.—Same—Indecent Familiarity—Requested Charge.

A requested charge that the jury can not convict, even though defendant had been indecently familiar with the prosecutrix, unless his acts injured her person, is not a correct proposition of law. Following Rogers v. State, 40 Texas Crim. Rep., 355, and other cases.

Appeal from the County Court of Angelina. Tried below before the Hon. E. B. Robb.

Appeal from a conviction of aggravated assault; penalty, one month confinement in the county jail.

The opinion states the case.

*K. W. Denman,* for appellant.—On question of the court's charge: Stermer v. State, 46 Texas Crim. Rep., 183; Lee v. State, 47 id., 612; Koen v. State, 50 id., 145; Pittock v. State, 73 Texas Crim. Rep., 1, 163 S. W. Rep., 971; Scott v. State, 73 Texas Crim. Rep., 622, 166 S. W. Rep., 729.

*E. A. Berry,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in this case of an aggravated assault upon an indictment containing three counts, each of which contains the allegation of an assault, and that the appellant was an adult male and the prosecutrix a female, the second and third counts presenting different phases of assault as made by the statutes of this State.

There is no statement of facts copied in the transcript or certified by the clerk of the County Court of Angelina County, and as this is a misdemeanor case, under the uniform holdings of this court we can not consider what purports to be a statement of facts filed in a separate document and brought to this court in that condition. Carney v. State, 63 Texas Crim. Rep., 370; Wagoner v. State, 63 Texas Crim. Rep., 180, 140 S. W. Rep., 339; Brogdon v. State, 63 Texas Crim. Rep., 473; Guill v. State, 66 Texas Crim. Rep., 332, 146 S. W. Rep., 198; Johnson v. State, 79 Texas Crim. Rep., 544, 186 S. W. Rep., 841.

Appellant presents some exceptions to the court's charge; first, because it fails to submit the question of intent to injure; second, because the same fails to submit to the jury whether there was created in the mind of the prosecutrix the sense of shame or other disagreeable emotion of the mind; and third, that the court assumes that the defendant is an adult male and that the prosecutrix is a female; and fourth, because the court failed to charge on simple assault.

Noticing them in their order, it appears to us that the court did charge on the intent to injure in the main charge, in his definition of an assault, one of the elements of which is stated to be that it must be unlawful violence to the person of another with intent to injure. As to the second objection, there is nothing in the statute which requires that there be created in the mind of the prosecutrix by an assault a

sense of shame, etc., and without any statement of facts before us we can not tell whether there was any contest upon this issue, and no evidence of anything showing the necessity for such instruction is contained in the bill of exceptions. As to the third exception, it has been held by this court more than once that unless the evidence controverts the issue, the court may assume in his charge the fact that the defendant is an adult male person and the prosecutrix a female, in a case where that is the ground of aggravation. These exceptions to the court's charge all appear, in one way or another, in special requested charges to his main charge, but as the main charge appears to properly present the law of the case, and as we have no evidence before us, either in bill of exceptions to the court's action in refusing the special charges, or otherwise, which would necessitate the giving of such charges the same, in our opinion, were properly refused by the court.

The requested charge on simple assault seems to be predicated on the proposition that the evidence shows that the prosecutrix, Rena Bingham, is not an adult. This would not inject the element of simple assault in the case and would not make such a charge proper. Whether Rena Bingham was an adult or not is not an issue, it being only alleged that she was a female. Defendant's special charge that they can not convict even though he had been indecently familiar with the prosecutrix unless his acts injured her person, do not present a correct proposition of law. Rogers v. State, 40 Texas Crim. Rep., 355; Slawson v. State, 39 Texas Crim. Rep., 176.

The record, as before us, presents no reversible error and the judgment of the lower court will be affirmed.

*Affirmed.*